Fairchild v. The City of St. Louis.

·Fairchild *et al.* v. The City of St. Louis, *Appellant.*

1. **Obstruction to Street**: PROPERTY-OWNER : DAMAGES. A property-owner, in order to recover damages for an obstruction to a highway, must show that the damages suffered are peculiar to him, being such as are different in kind, and not merely in degree, from those sustained by other members of the community. (*Rude v. City of St. Louis*, 93 Mo. 408, *affirmed.*)

2. ——— : ——— : ———. The plaintiffs in this case, who sued for damages to their lot occasioned by an excavation in the street, three hundred and fifty feet north of it, which rendered the street impassable to teams, held not entitled to recover.

*Appeal from St. Louis City Circuit Court.*—Hon. W. H. Horner, Judge.

Reversed.

*Leverett Bell* for appellant.

The plaintiffs in this case were not entitled to recover. The damages suffered by them from the obstruction of West Jefferson avenue were not peculiar to the plaintiffs, nor did they differ in kind from those sustained by other members of the community, and the obstruction complained of was located at a point three hundred and fifty feet north of plaintiffs' property. *Rude v. St. Louis*, 93 Mo. 408.

*Muench & Cline* for respondents.

This case· differs from *Rude v. St. Louis*, 93 Mo. 408, in this. (*a*) Defendant has here pleaded neither justification nor temporary character of obstruction. (*b*) The accessibility of plaintiffs' property has not merely been diminished, but literally destroyed, so far as the northern and greater portion of the city is concerned.

(*c*)  Plaintiffs have shown, by uncontroverted evidence, that this property has been injured in its market or salable value to a very material extent, from causes wholly attributable to the unlawful act.  (*d*)  It is this difference in market value, and not plaintiffs' inconvenience, which is the cause of action.

BRACE, J.—The plaintiffs own, and for many years have owned, a lot in St. Louis, on Jefferson avenue, upon which they have two dwelling-houses fronting on said street.  Three hundred and fifty feet north of their property the tracks of the Missouri Pacific and the Wabash, St. Louis & Pacific Railway Companies cross said street (which runs north and south) in an east and west direction.  These tracks were at the grade of the street and were put down by authority of law.  The city built a viaduct or bridge over the tracks at a street recently opened called East Jefferson avenue, also running in a general direction north and south between Jefferson avenue and the next street east which is High street.  In November, 1880, the city by ordinance gave the railroad companies permission and authority to depress their tracks at Jefferson avenue and High street.  This was done to accommodate and conform to a system of bridges which the city was building and expected to build over the railroad tracks, and pursuant to an agreement made by the city and the railroad companies.  After the passage of this ordinance and pursuant to the previous agreement with the city, the railroad companies depressed their tracks at Jefferson avenue and High street, making an excavation across Jefferson avenue about four feet deep, which was subsequently protected by a fence extended across the teamway of the street, thus deflecting the travel in vehicles from that crossing to the bridge at East Jefferson avenue crossing, or to some other bridge or surface crossing of said tracks, and at the time this suit was commenced this crossing was thus rendered,

and since has continued, wholly impassable for teams. At the time of the excavation, Jefferson avenue was an improved public highway. The plaintiffs bring this suit to recover damages for permanent injury to their property and depreciation of its rental value by reason of the obstruction aforesaid. In the court below, they recovered judgment for four hundred and sixty dollars.

The foregoing adaptation of the statement in *Rude v. The City of St. Louis,* 93 Mo. 408, to the facts of this case is made for the purpose of showing conclusively without argument, that there is no essential difference between the two cases. The only difference that can be pointed out is, that the property of the plaintiff in the *Rude case* was on High street, five hundred feet north of the obstruction on that street, and in this case the property of the plaintiffs is on Jefferson avenue, three hundred and fifty feet south of the obstruction on that street. The ground of complaint is the same in each case, and in each case access to the public street to and from the owner's property and along it to the whole public stree system of the city is unobstructed, though not so convenient perhaps as before this crossing was closed. The inconvenience to every person travelling in a vehicle south of the railroad tracks, who desires to go north directly across them on this public street, and to every person north who desires to go directly on it south across them, of having to make a *détour* by some adjacent street where crossings are provided, is the injury of which the plaintiff complains in each case. This is a common public injury for which damages cannot be recovered by an individual citizen, although such inconvenience to the public and to him may depreciate the value of his property. With the conclusion reached in that case, which must dominate this, we are satisfied.

The judgment, therefore, of the circuit court must be reversed, and it is so ordered. All concur, except, BARCLAY, J., who dissents.