BOONVILLE MERCANTILE COMPANY, Appellant,
v. THOMAS HOGAN, Respondent.

Kansas City Court of Appeals, November 29, 1920.

1. **STREET IMPROVEMENT:** Corner: Abutting. Where the property of a citizen only corners on an intersection of a street paving improvement it does not abut on such street.

2. **CORNER:** A corner is merely an indefinite point without definable area.

3. **POWER TO TAX**: Statute: Unambiguity. Power to tax for a street improvement must be conferred by an unambiguous statute before it can be exercised.

4. **ADEQUATE REMEDY**: Pleading: Allegation. While One to invoke equity must not have an adequate remedy at law yet he need not so specifically allege.

Appeal from the Circuit Court of Cooper County.—*Hon. John G. Slate*, Judge.

REVERSED AND REMANDED.

W. G. Pendleton for appellant.

John & D. W. Cosgrove for respondent.

ELLISON, P. J.—This is a proceeding in equity to cancel a certain tax bill as being an apparent lien on defendant's property in the city of Boonville, thereby putting a cloud on plaintiff's title. Defendant demurred to the petition on the ground that it failed to state a cause of action. The trial court sustained the demurrer and plaintiff standing on his petition, appealed.

Boonville is a city of the third class and it appears from the pleading that the city council duly provided for the paving of Fifth street from the north line of High street, three blocks south to the south line of Chestnut street. The work was let to a contractor and performed by him. An apportionment of the cost was made and plaintiff's property assessed at $135 for which a tax bill was issued to the contractor and by him assigned to defendant.

Fifth street extends on south of where the paving ended and plaintiff's property begins where the paving ends at the termination of the paving and thus abuts on the unpaved part of Fifth street. The effect of this is that the paving for which plaintiff will be asked to pay only comes to the *corner* of his property. Property cornering on a street improvement does not abut it. A corner is merely an indefinite point without definable area.

The statute upon which the improvement must rest is section 9254, Revised Statutes 1909, as amended by

Laws of 1911, p. 337. That part of the statute applicable reads that ''The cost of paving, guttering and otherwise improving any alley and the road way part of any street, that is, the part between the curb lines, including street intersections shall be charged against the lots and tracks of land fronting or abutting on the street or alley so improved along the distances improved, in proportion to the number of fronting or abutting feet.''

That statute is not authority to take any property for paving *street and intersections* that does not abut on such street; and ''where the statute limits the property which may be subjected to assessment to that which is abutting, or contiguous, or adjoining, or fronting, only property so situated with reference to the improvement may be assessed.'' [State ex rel. v. Chillicothe, 237 Mo. 486, 495.] In determining the meaning of a statute of the character here involved, we must remember ''That the general rule is that the power of a municipality to take or place a burden upon the property of a citizen must be conferred by an unambiguous statute before that power can be exercised—if there be a fair and reasonable doubt as 'to the existence of such power such doubt must be resolved in favor of the tax payer and against the municipality.'' [St. Louis v. Realty Co., 259 Mo. 126, 136.] It is a ''fundamental rule of municipal law that in deciding any question whether a certain power or authority has been given to a municipality, every doubt must be resolved against the power and in favor of the citizen.'' [Chillicothe ex rel. v. Henry, 136 Mo. App. 468, 474.]

It is truly stated by defendant that plaintiff's bill does not allege that he has no adequate remedy at law. While it is true that in order to invoke equity a party must not have an adequate remedy at law, yet he need not formally so allege, if his bill otherwise shows he has not such remedy. [Story Eq. Plead, sec. 34.]

We think error was committed in sustaining the demurrer and hence must reverse the judgment and remand the cause. All concur.