STATE EX REL. STATE HIGHWAY COMMISSION OF MISSOURI, APPELLANT, v. ANNA MANZER ET AL., DEFENDANTS, SILAS D. CARPENTER ET AL., RESPONDENTS.—77 S. W. (2d) 123.

Kansas City Court of Appeals. December 3, 1934.

*Louis V. Stigall, Wilkie B. Cunnyngham* and *Lynn M. Ewing* for appellant.

No brief for respondents.

SHAIN, P. J.—This is a condemnation action for 3.17 acres for the use of right-of-way for State Highway U. S. 54. The location was in Vernon County, Missouri. The proceedings are based on the usual petition filed by the State Highway Commission, which petition is in due form and the matter came before the circuit court for the reason of fact that respondents duly filed therein their exceptions to the report and award of the commissioners.

A trial was duly had before a jury and the jury rendered a verdict for the respondents in the sum of nine hundred ($900) dollars.

Judgment was entered in accordance and the Highway Commission appealed.

There is but one assignment of error, to-wit:

"The trial court erred in refusing to give Instruction P-5 requested by appellant."

Said instruction is as follows, to-wit:

"The court instructs the jury that in determining whether there is any damage to the defendants, you shall not take into consideration such inconveniences and disadvantages, if any, to the defendants as are the consequences of the lawful and proper use of the state highway in question in so far as the same are common to other landowners in the neighborhood, no portion of whose lands is taken for said state highway."

### OPINION.

The question of assessment of benefits and damages, in matters of condemnation for highways in this State, has become so fixed that court opinion in dealing alone with that issue should be characterized by brevity.

It is the well settled law of this case that the benefits and damages contemplated in such condemnation proceedings are special benefits and special damages. It, therefore, follows that an instruction in such cases which permits an allowance for benefits or an assessment of damages that are general, that is, that are common to other tracts of land in the same neighborhood, presents fatal error.

We note that in all of the instructions as to benefits the court has kept within the rule as to special benefits.

Instruction P-5, we conclude, is a correct statement of law applicable to the issue that was being tried. We have searched the record to ascertain if the matter declared upon in said instruction was covered by any other instruction and conclude that there is no such instruction shown.

The principle of law as declared in Instruction P-5 is clearly stated in Missouri, A. & G. R. Co. v. Harris et al., 181 S. W. 34.

Practically the same issue as presented in this case was before the Springfield Court of Appeals in State ex rel. State Highway Commission v. Watkins et al., 51 S. W. (2d) 543, and also in State ex rel. State Highway Commission v. Stoddard Gin Co., 62 S. W. (2d) 940. In both of the above cases the law as declared by Instruction P-5 is upheld.

In the case at bar the jurors were sent out with the Sheriff to view the premises.

In the case of Chicago, R. I. & P. Ry. Co. v. Hosman, 57 S. W. (2d) 434, in an opinion by CAMPBELL, C., there is presented a similar situation as to viewing the premises with a distinction in this, to-wit: The action was by consent of the parties; the court instructed the jury before they were sent out as to the elements to be considered

in determining damages and no objections were made as to the instructions as given.

Under such circumstances as above, this court held that the assignment of errors as to improper instructions as made in that case did not constitute error.

In the case at bar the court, upon its own motion, sent out the jury and the record in this case shows that the court did not instruct the jury as to elements to be considered.

In the case at bar as in the Hosman case, supra, it is apparent that assessment of damages was based more on inspection than on other evidence. Had the court, before sending the jury out to view, given to them in effect the substance of Instruction P-5, it might have been sufficient. Under the showing made in the case at bar, Instruction P-5 should have been given.

The judgment is reversed and cause remanded. All concur.