This is an action for damages alleged to have been caused to plaintiffs' property by reason of the change of the grade of a street by defendant. To plaintiffs' amended petition defendant filed a motion to dismiss on the ground, among others, that the petition failed to state facts sufficient to constitute a claim against defendant upon which relief could be granted. The court sustained the motion, resulting in the entry of a final judgment against plaintiffs, and they have appealed. The question presented upon this appeal is whether the second amended petition states sufficient facts to constitute a claim against the defendant upon which relief can be granted.
The facts, as disclosed by the second amended petition, show that defendant owns and operates a railroad extending in an easterly and westerly direction, and crossing Locust Street, a public highway extending north and south in the town of Callao; that the plaintiffs, Marvin and Thelma Christy, are the owners of 4 1/2 acres of ground which is bounded on the north side by the railroad right of way and, on the west side, by Locust Street; that the plaintiffs, Marvin and Walter Christy, own the remaining 14 1/2; acres of which the 4 1/2 acres above mentioned is a part. The land owned by Walter and Marvin Christy also adjoins the railroad right of way on the north side and abuts on Locust Street on the west. The property owned by plaintiffs, Marvin and Thelma Christy is rectangular in shape and extends from the southeast corner of the intersection of Locust Street and defendant's right of way east along the right of way and south along Locust Street. The property owned by the plaintiffs, Marvin and Walter Christy is in shape a reversed "L" and is contiguously situated south of the property of Marvin and Thelma Christy and extends along Locust Street to Highway No. 36 and east of the property owned by Marvin and Thelma Christy. The south boundary line of their property is U.S. Highway No. 36 which runs east and west and crosses Locust Street. *Page 635 
The petition alleges that at the point where the railroad crosses Locust Street there is a deep cut and that defendant and its predecessor had, for the past 70 years, maintained a wooden bridge carrying Locust Street over this cut; that the only way traffic could pass over the railroad at Locust Street was by means of the bridge; that Locust Street has been paved and graveled by the City of Callao and the grade established at its present level, including the level of the bridge constructed and maintained across the railroad tracks. The petition further alleges that in 1939 the defendant took down the bridge and removed the same, thereby changing the grade of said street and causing obstruction of travel thereto, so that plaintiffs were unable to travel into the City of Callao along said Locust Street, and persons desiring and having business with plaintiffs were unable to travel along said Locust Street at the intersection of said railroad tracks; that the bridge was sufficiently safe to carry traffic and persons desiring to cross over the same; that previous to the time the bridge was torn down defendant had torn up planks from the floor of the bridge and interfered with the travel thereto for the sole purpose of diverting traffic from said street to other streets in the City of Callao, and that as a result of the tearing down of said bridge and the changing of the grade of the street plaintiffs' property has been damaged; that said damage is peculiar to the property of plaintiffs and is not a general damage such as the public generally suffers by reason of the acts of the defendant; that before the destruction of the bridge the value of plaintiffs' property was enhanced by its accessibility to the City of Callao and the business and school facilities thereof.
The petition further alleges that no proceedings to vacate said street, or to change the grade thereof, ever have been had, and there had been no proceeding to assess damages to the property.
The petition further alleges that defendant had no right, nor did any authority exist in anyone, to authorize the said obstruction of said street or to change the grade thereof without first assessing damages to the owners of property on said street and affected thereby; that defendant was under a continuing obligation to maintain a safe passageway on said street across its tracks at the grade level thereof; that the reason for taking down the bridge was for the benefit of defendant solely, and that plaintiffs have been deprived of their property without just compensation and without due process of law. The petition further alleges:
"Plaintiffs state that a special and peculiar damage arising to property hereinbefore described as belonging to Marvin Christy and Thelma Christy, his wife, arises by reason of the fact that the said street on which said property is located has been converted from one in which the occupant of said property had full and free access to the system of streets in the City of Callao, and highways of the State of Missouri, and that by reason of the matters complained of hereinbefore, *Page 636 
the said street in front of said property and abutting thereon has been converted into a dead end street by reason of which plaintiffs have no safe and reasonable access to the system of streets in the City of Callao; and that because of the said street being a dead end street maintenance has been stopped on the gravel on said street from the right of way of the Chicago, Burlington and Quincy Railroad Company down to Highway 36. That mail is no longer delivered on said street and that no safe way is left for plaintiffs' children and the children of any parties who might at any time occupy said residence to get to school by reason of the fact that they only have the choice left of going down a steep embankment to the railroad tracks of defendant, crossing said tracks in a deep cut and then up a steep embankment to the other portion of Locust Street lying north of defendant's railroad, or going through a narrow and crooked passageway on the property of others of approximately 12 feet in width, along the side of a deep cut of a defendant railroad which way is generally impassable and dangerous particularly in the winter time and in wet weather, of approximately 300 feet south of plaintiffs' property to a little used street which is also impassable in wet weather and muddy weather and at no time has any suitable place for pedestrian travel or other travel, the only other alternative is to go a little further than 2 blocks to U.S. Highway 36 on which highway there is a large amount of automobile, bus, and truck travel so that said highway is dangerous for children and pedestrians, and on none of these streets is there suitable sidewalk or place for travel for children or pedestrians. That persons occupying said property are likewise without access to any suitable and reasonable means of going to the business portion of Callao, or anywhere except along the ways mentioned above, none of which reasonably suitable methods of access to said property.
"Plaintiff further states that by reason of the action hereinbefore complained of that the plaintiff, his wife, and children are shut off from any reasonable ways of going to and from their property or that instead of having a gravel road with suitable pavement to the business portion of Callao, churches and schools the plaintiffs living on said property are required to go approximately 6 blocks further, a portion of which is over rough road, the remainder of which is on Highway 36, which results in great inconveniences to persons occupying said property and the said property by reason thereof is rendered less desirable and greatly depreciated in value".
The petition further alleges that by reason of the premises plaintiffs have suffered special and peculiar damages in the sum of $2000.
It is insisted that the court erred in sustaining the motion to dismiss for the reason that the bridge that was removed abutted on plaintiffs' property and a chasm is left resulting in an effective obstruction to *Page 637 
travel along the street from plaintiffs' property, resulting in the inconveniences described in the petition.
There is no question but that the removal of the bridge left a deep chasm where Locust Street formerly extended over the bridge, constituting an obstruction of the street and a public nuisance, according to the allegations in the petition. However, no private individual may maintain a suit either in law or in equity as the result of the maintenance of a public nuisance. Such a situation is a matter solely for the attention of the public authorities. (Cummings Real Estate Investment Co. v. Deere Co.,208 Mo. 66.) However, the owner of property abutting the highway at the point where the street is obstructed may maintain an action against the creator of the nuisance where he has suffered some peculiar or special injury not common to the general public. In such a case the nuisance may be not only a public but a private one. However, in order to maintain an action for the nuisance it is not enough for the property owner to show that his injury is merely greater in degree than that suffered by the general public. His damage must be different in kind. (39 Am. Juris. pp. 384, 385; 25 Am. Juris. pp. 607-609.) It is well settled that an abutting proprietor has an easement of access in the street which is as much his property as the land to which it pertains. This is what is denominated an "easement of access." (Press v. Penny, et al., 242 Mo. 98, 103.) His right to the use of the street, in this respect, is entirely different from that of the public. However, it was held by the Supreme Court in Ingram v. Mobile 
O.R. Co., 30 S.W.2d 989, 997: "In order for a property owner to sustain an injury special or peculiar to him on account of the vacation of a street, his property or some part of it must abut on the vacated portion, or else the vacation must deprive him of reasonable access to the general system of streets."
It is now a well settled doctrine in this state that property is not damaged by the vacation or closing of a street or highway unless it abuts upon that part of the street vacated, or, is cut off altogether from the general system of streets or highways. This is not a universal doctrine and it has been criticised but it is the law in this state established by a long line of authorities, which authorities also establish the further proposition that when access to property is cut off in one direction by the vacation or closing of a street upon which it abuts but may be had in the other direction, the property is not taken or damaged. It does not suffer damage different in kind from that suffered by the general public although injury to the property may be greater. (Rude v. City of St. Louis, 93 Mo. 408; Fairchild v. City of St. Louis, 97 Mo. 85; Kansas City v. Brown,286 Mo. 1, 21; In Re 23rd St. Trafficway v. Crutcher,279 Mo. 249; Gorman v. Railroad and St. Louis, 255 Mo. 483; Wilson v. Kansas City, 162 S.W.2d 802 *Page 638 
; Siemers v. St. Louis Elec. Term. Ry. Co., 348 Mo. 682; Applegate v. Director Gen. of Chi. R.I. Pac. Ry. Co., 226 S.W. 682.)
In the leading case (Rude v. The City of St. Louis, supra, l.c. 415,) the court said: "* * * in this case, the plaintiff has perfect access to his property. It is only when he goes south, passing Scott Avenue and another street, that he comes in contact with the obstruction, the nuisance. His inconvenience, and that of persons going to and from the grocery is precisely the same in kind as that of all other persons who desire to use High Street. His may be greater in degree but not different in kind. The nuisance is a public one, and the physical facts show that the damages to the property are due to a public, and not to a private, wrong. There can be no action for private damages due to a wrong, which, as to the plaintiff, is public only."
And in Wilson v. Kansas City, et al., supra, l.c. 804, the court said: "Consequently, when a landowner has sought to recover damages for injury to that property right caused by a street vacation, a railroad embankment or other obstruction and it affirmatively appeared (from pleading or proof) that hisproperty did not abut on the closed section of the vacatedstreet so that his right of ingress and egress was not injured in that he still had reasonable access to the general system of streets this court has always held he was not entitled to compensation." (Italics ours.)
It could not be said that a property owner would have reasonable access to his property, although it does not abut upon the obstructed part of the street, if the street were fully obsructed on either side of his property so that the lines of his lot could not be reached (Lewis Eminent Domain, p. 191, 3rd Ed.) or, if the property is connected with the obstructed street by a private way and the obstruction rendered the private way of no use. (See Rude v. The City of St. Louis, supra, l.c. 415.)
There may be other instances where property does not abut upon the obstructed part of the street, yet, the obstruction might deprive the property owner of reasonable access to it. But such are not the facts in the case at bar. Plaintiffs' property does not abut upon the part of the street obstructed. (Boonville Merc. Co. v. Hogan, 226 S.W. 620, 621; Kingshighway Sup. Co. v. Iron Works, 266 Mo. 138.) The damages which plaintiffs allege in their petition, and which they claim show damages different in kind from those suffered by the public, generally, by reason of the obstruction, are merely inconveniences, and the obstruction affects the public in precisely the same manner although, as to plaintiffs, their inconvenience may be greater.
The court properly sustained the motion to dismiss.
The judgment is affirmed. All concur. *Page 639