STATE of Missouri ex rel. STATE HIGHWAY COMMISSION, Plaintiff-Respondent,

v.

Dan McMURTREY and Alpha McMurtrey, Defendants-Appellants.

No. 45812.

Supreme Court of Missouri, Division No. 1.

April 8, 1957.

Green & Green, Will H. D. Green, H. D. Green, West Plains, for appellants.

Robert L. Hyder, Ralph H. Duggins, Jefferson City, Richard D. Moore, West Plains, for respondent.

VAN OSDOL, Commissioner.

■ This is a condemnation case. Commissioners awarded defendants-appellants, Dan McMurtrey and Alpha McMurtrey, husband and wife, $300 compensation for the taking of an easement for highway purposes over and across their 280-acre farm situate west of Lanton in Howell County. Defendants filed exceptions to the Commissioners' report, and upon trial in the circuit court before a jury defendants were awarded the sum of $275. Defendants appealed from the ensuing judgment to the Springfield Court of Appeals, wherein, by majority opinion upon review, the judgment of the circuit court was reversed and the cause remanded; however, Stone, J., dissenting, certified that he deemed the majority opinion contrary to previous decisions of this court and of the other courts of appeals, and the case has been transferred here for review. State of Missouri ex rel. State Highway Commission v. McMurtry, Mo.App., 292 S.W.2d 947. We may finally determine the cause the same as on original appeal. Art. 5, § 10, Const., V.A.M.S.

The easement acquired in this proceeding was a right of way eighty feet wide for the construction of Supplementary State Highway O, in Howell County. The right of way of Highway O enters defendants' farm a short distance south of the northeast corner thereof and, passing westwardly, generally follows and widens an "old road"

lying in an irregular curve or arc extending somewhat northwestwardly, thence westwardly generally along the north line of defendants' farm, thence southwestwardly into the area comprising the northwestern portion of the farm, in which area are the farmhouse and barn comprising the major improvements. The old road extended and now extends westwardly, passing south of defendants' farmhouse and north of their barn, but at a point approximately two hundred yards east of defendants' farmhouse Highway O, as planned and constructed, veers more southwestwardly and passes south of defendants' barn which, as we have noticed supra, is situated south of the old road. The major portion of the farm, including about one hundred acres of "bottom" or valley land, lies south of the newly constructed Highway O. More particular descriptions of the location and route of the right of way of Highway O, and of the several tracts of defendants' land acquired in this proceeding and the uses or purposes of acquisition, may be found in the statement of facts by the Springfield Court of Appeals. State ex rel. State Highway Commission v. McMurtry, supra, 292 S.W.2d at pages 949–950.

■ Having examined the transcript on appeal and the briefs of the parties, we have become convinced that, in final effect, a false issue prejudicial to defendants was injected into the trial of this cause by the insistence of plaintiff-condemner (respondent); and that the trial court did not take appropriate action to purge the prejudicial effect of the evidence introduced in an attempt to support the issue. Consequently, we put aside as unnecessary to our decision contentions of errors of the trial court in ruling, on voir dire, challenges for cause as to several veniremen. In this connection, however, we, in passing, again say that a trial judge should be and is vested with broad discretion in determining the qualifications of veniremen to sit as jurors, and his rulings should not be disturbed unless they clearly and manifestly are in

**524**

abuse of such discretion. Moore v. Middle-west Freightways, Inc., Mo.Sup., 266 S.W.2d 578; Cleghorn v. Terminal Railroad Ass'n of St. Louis, Mo.Sup., 289 S.W.2d 13.

In an endeavor to lend clarity to this opinion, we here remark that because of the location of defendants' farmhouse and barn, respectively north and south of the old road, and because of the fact that the new improvement, Highway O, passes south of defendants' barn and consequently separates and makes less accessible the farmhouse and barn from the southerly and greater portion of their farm, we can readily see that the construction of Highway O on the route generally delineated by the old road in its route westwardly and extending between the farmhouse and barn would be considered of greater benefit and less damage to defendants' land than is Highway O as planned and constructed on its present route south of defendants' barn.

■ The transcript on appeal shows that, in the opening statement to the jury, counsel for plaintiff stated the evidence would be that "down in that section of the country the citizens for a number of years have been wanting a road." Counsel for defendants objected "to what the citizens want" and asked that "the jury be instructed to disregard that." The trial court sustained the objection and instructed the jury to "disregard that statement." But counsel for plaintiff continued by stating to the jury that the "evidence will be that this Mr. McMurtrey with a number of other citizens * * *." At this point counsel for defendants again interposed an objection, and in an ensuing colloquy, without the presence of the jury, counsel for plaintiff stated to the trial judge, "This man (defendant-husband) with a group of other citizens came through the County Court and petitioned this road by affidavit and as one of them agreed to relinquish the right of way and later on a written petition was circulated * * * and later * * * Mr. McMurtrey and others went to Jeffer-

son City with this petition and plead with the State Highway Department to put that road down there and further gave their assurance the right of way would be relinquished and it was on this that the County Court started the machinery in the process of starting this road in motion and it is certainly material in this case and admissible evidence. Under our cases he would be estopped from going into Court now." In the same colloquy, without the presence of the jury, defendants' counsel had stated that one of the reasons for his objection was "that McMurtrey never signed the petition and wasn't in favor of a road where this one was constructed. They talked about building one north of his barn which he was highly in favor of." Plaintiff's counsel further stated to the trial judge that defendant-husband, in the company of others, petitioned the County Court of Howell County "for the road in question or the road in evidence and relinquished his right of way. Then the question arose as to whether or not the new road would follow the exact course of the old road and it was stated in the written petition that the new road would follow on or as close as practicable to the old road and McMurtrey signed a written petition agreeing to this, * * *." The trial judge was of the opinion that the statement of such facts (to the jury) was "not competent at this time."

Defendant-husband testified that he had favored a new improved road, and that he had accompanied a group of citizens to interview the State Highway Commission with the purpose of securing a new highway. But defendant-husband testified that whatever offer of relinquishment of right of way made by him was in contemplation that the new road would pass along the old road between defendants' house and barn; and in the testimony of witnesses for defendants relating to an offer of relinquishment made by defendant-husband, it was made clear by cross-examination that any offer of relinquishment made by him had presupposed the plan and construction of Highway O on the approximate route of the old road between defendants' house and

barn. The extended inquiry pertaining to the offer of relinquishment, an issue collateral to the main issue, pervaded the whole trial in such a way as to deprive defendants of a fair trial on the issue of net damage. The jury must have understood the award of any substantial damage was dependent on the negative finding of an offer of relinquishment of right of way for construction of the improvement at whatever ultimately planned location. It is, furthermore, clear that the inquiry relating to the question of an offer of relinquishment had been permitted conditionally, as shown by the following excerpt from the transcript on appeal,

"Q. (by Mr. Duggins, counsel for plaintiff) Did you (defendant-husband) ever appear before the County Court to initiate a proceeding to obtain a road out there?

"By Mr. Green (counsel for defendants): We object to that, it isn't an issue in this case. They took the land and that is the issue before us.

"By the Court: If it is your contention and you want to offer to show he agreed to give the right of way it will be permitted.

"By Mr. Moore (also counsel for plaintiff): Yes, sir, we do.

"By Mr. Green: We object to that, he said he wouldn't give them the right of way and didn't have anything to do with it. We ask the Court to instruct the jury later in this trial if they don't produce the evidence he and his wife offered to give the right of way for it to be stricken out and the jury instructed to disregard it.

"By the Court: It will be done."

It is noted there was no evidence tending to show that defendant-wife, personally or by agential authority to and through her husband, had ever agreed or offered to relinquish the right of way for the construction of Highway O on *any* route or location; and we reiterate—there was no evidence introduced tending to show that any offer defendant-husband may have made to relinquish the right of way through defendants' farm was for a right of way located other than along the old road between defendants' farmhouse and barn.

■ In the trial of this case plaintiff was undertaking to show that special benefits equaled or exceeded special damages, and, of course, defendants were taking the position and introduced evidence tending to show their property was damaged, in excess of special benefits, to an extent justifying an award in substantial amount—an amount considerably in excess of the amount awarded by the Commissioners, and by the jury. And if there had been evidence that, before the taking, defendants had offered to relinquish the right of way for Highway O, knowing the highway was to be constructed over the route south of defendants' barn, the evidence of such an offer would have been admissible as tending to show defendants had formerly considered their lands would be benefited by the improvement as located south of their barn—a position contrary to or inconsistent with their instant claim that their land was substantially damaged by the construction of Highway O south of their barn. State ex rel. State Highway Commission of Missouri v. Shain, 340 Mo. 802, 102 S.W.2d 666. But, in our opinion, an offer to relinquish the land for the construction of the improvement between defendants' farmhouse and barn was not competent in tending to show a former position inconsistent with defendants' instant claim for damages due to the construction of the improvement as presently located south of defendants' barn; and defendant-husband's interest and activity in seeking a new improved highway through the neighborhood, without knowing where the new highway was to be actually located, would seem to indicate no more than that he considered a new highway would be of "general" benefit to the neighborhood.

Although plaintiff failed to introduce substantial evidence tending to support the issue that defendants had taken a former position inconsistent with their instant claim of substantial damage due to the improvement as constructed south of their barn, the evidence introduced by plaintiff in endeavoring to support the issue and the evidence introduced by defendants and elicited by defendants in the cross-examination of plaintiff's witnesses, in explaining that any offer of relinquishment made by defendant-husband was for an improvement located south of defendants' barn, remained before the jury and without doubt was prejudicial to defendants, absent an instruction directing the jury to disregard such evidence.

It is our conclusion that the trial court plainly erred in failing and refusing to withdraw or instruct the jury to disregard this evidence. At the conclusion of the trial, defendants did not make a formal verbal request of the trial court to verbally instruct the jury to disregard such evidence, but defendants did proffer and the trial court refused their Instruction No. 9, which was as follows,

"The Court instructs the jury that the real estate in evidence is held by estate of entirety by Mr. & Mrs. McMurtrey. You are therefore instructed that any statement made by Dan McMurtrey as to relinquishing right of way of such property is withdrawn from the consideration of the jury."

Even though the first sentence of the instruction may be subject to the criticism that it was a mere abstract statement of the nature of the estate vested in defendants, husband and wife, the instruction was, in fact, a withdrawal instruction. Had the trial court given this instruction, we are of the opinion the jury would have understood the evidence pertaining to a relinquishment was not to be taken into consideration by the jury on the ultimate issue of net damage, and the trial of the cause would have been purged of the prejudice of the evidence pertaining to a relinquish-ment, which evidence, as we have noted supra, had been admitted conditionally.

We now gratuitously treat with other contentions, rulings upon which are unnecessary to this decision; but our discussion of such contentions may be of some value to the trial court upon a retrial of this cause.

■ It is contended by defendants-appellants that Instruction No. 1, given at plaintiff's instance, was erroneous in assuming there were special benefits, and in invading the province of the jury. Plaintiff's Instruction No. 1 was as follows,

"The Court instructs you that in this case, the burden is upon the plaintiff to show by the greater weight of the credible evidence that special benefits, as described in other instructions, are conferred upon the defendants' land by the construction or improvement of a highway through the same, and that the burden is upon the defendants to prove, by the greater weight of the credible evidence, that they sustained damages in the taking of the land in question in excess of any special benefits that the jury might find, by all of the evidence, accrued to the defendant's (sic) land by the construction of the road."

Instruction No. 1 correctly advised that plaintiff had the burden of proving special benefits, and correctly put the burden upon defendants to prove damages "in excess of any special benefits that the jury *might* find." We cannot see that the instruction assumed special benefits, or in any way invaded the province of the jury in determining the issue of damages. We believe the instruction, especially when read with other instructions given in the case, was not erroneous. See and compare State ex rel. State Highway Commission v. Liddle, Mo.App., 193 S.W.2d 625, wherein the Kansas City Court of Appeals was treating with instructions in a condemnation case, including Instruction B and Instruction 2 given in that case.

Defendants-appellants particularly complain of plaintiff's given Instruction No. 3 on the ground that the instruction, they say, was not based on any evidence in the case. Instruction No. 3 was as follows,

"The Court instructs you that in determining whether there is any damage to the defendant's (*sic*) land, you shall not take into consideration such inconveniences and disadvantages, if any, to the defendant as are the consequences of the lawful and proper use of the state highway in question in so far as the same are common to other landowners in the neighborhood, no portion of whose lands is taken for said state highway. Nor shall you consider any inconveniences, disadvantages, or damages which do not cause a decrease in the market value of the defendant's (*sic*) land."

■■ We have the opinion that the trial court's action in giving this instruction is not subject to criticism or contention of error on the ground that the instruction was not supported by evidence. It is true there was no direct evidence tending to show that defendants were subjected to inconveniences and disadvantages in common with other landowners in the neighborhood, no portion of whose lands was taken for the improvement. But the jury, without the testimony of witnesses or other form of direct evidence of general inconveniences or disadvantages, could and might infer from the evidence showing the nature of the improvement and location of the improvement through defendants' land and through the general neighborhood that defendants would suffer some inconveniences or disadvantages in common with other landowners in the neighborhood, no portion of whose lands was taken for the improvement. Since plaintiff requested that the instruction be given, the trial court did not err in giving it. The instruction is in correct form, substantially. Missouri, A. & G. R. Co. v. Harris, Mo.Sup., 181 S.W. 34; State ex rel. State Highway Commission v. Watkins, Mo.App., 51 S.W.2d

543; State ex rel. State Highway Commission v. Sharp, Mo.App., 62 S.W.2d 928; State ex rel. State Highway Commission v. Stoddard Gin Co., Mo.App., 62 S.W.2d 940; State ex rel. State Highway Commission v. Manzer, 229 Mo.App. 287, 77 S.W.2d 123. In this case where a part of defendants' land was taken, Instruction No. 3 correctly advised the jury in response to a phase of the law of condemnation pertaining to damage which may be "general," or common to other lands in the neighborhood, and which damage is not to be taken into account in the assessment and award of damage in a condemnation case. This court has held the refusal of such an instruction was error in a case wherein, as here, the jury has not been advised in any other instruction that general inconveniences and disadvantages may not be taken into account in assessing damage, and wherein, as here, the jury had been instructed on the matter of deduction of special benefits. Missouri, A. & G. R. Co. v. Harris, supra. See also State ex rel. State Highway Commission v. Graham, Mo.App., 74 S.W.2d 493.

■■ In conclusion, we allude to two contentions pertaining to the admissibility of evidence in this condemnation case. We think defendants were entitled to introduce evidence tending to show the highway and its ancillary drainage as constructed caused defendants' bottom lands to overflow and the land to be "cut up." And we also have the view that, although the defendants' special advantage or facility of superior means of ingress and egress to and from their lands directly abutting on the highway was an element of special benefit which was for the consideration of the jury, witnesses should not have been permitted to state that defendants were benefited by the facility of defendants' travel upon the highway—this is a benefit defendants share in common with other landowners of the community or neighborhood and with the traveling public generally. State ex rel. State Highway Commission v. Jones, 321 Mo. 1154, 15 S.W.2d 338.

The judgment should be reversed and the cause remanded.

It is so ordered.

COIL and HOLMAN, CC., concur.

PER CURIAM.

The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court.

All of the Judges concur.