STATE of Missouri ex rel. STATE HIGH-
WAY COMMISSION of Missouri,
Plaintiff-Appellant,

v.

Regina MEIER et al., Exceptions of Annie
Pitti, Defendant-Respondent.

No. 50290.

Supreme Court of Missouri,

En Banc.

March 8, 1965.

Rehearing Denied April 12, 1965.

Robert L. Hyder, Jefferson City, Samuel C. Ebling, Robert C. Finot, Kirkwood, Wilkie Cunnyngham, Jefferson City, for appellant.

Nathan B. Kaufman, St. Louis, Guilfoil, Caruthers, Symington, Montrey & Petzall, by John P. Montrey, St. Louis, for respondents.

PER CURIAM.

The following opinion, written as a dissenting opinion in Division Number One by Dalton, J., is, with some deletions and additions, adopted as the opinion of the Court en Banc.

Respondent had judgment for $57,500.00 which was more than $30,000.00 in excess of the highest damages conceded by appellant so that jurisdiction is in this court.

Respondent accepted the statement of facts as set forth in appellant's brief, hence we take the facts from that statement.

Respondent owned 1.0718 acres of land fronting 293 feet more or less on the west side of Highway 67 by an average depth of 150 feet on which she operated a motel. By condemnation appellant acquired for highway right-of-way purposes a tract of land approximately 30 feet wide along the entire frontage of this property, containing .222 acres, and also a temporary construction easement containing approximately .097 acres. After the condemnation, the right-of-way for the highway was 300 feet wide in front of respondent's property. The right-of-way has been improved with two "limited access" 2-lane throughways in the center portion of the right-of-way and two paved outer roadways on the outer edges of the right-of-way. Each of the outer roads are dual-lane trafficways so that traffic may move in either direction to designated entrances into the throughways. Prior to the improvement respondent had two driveways from her property on to Highway 67, which was then a 2-lane highway, and travelers could enter her property therefrom and on leaving respondent's property they could proceed in either direction. Appellant, however, did not condemn nor take from respondent the right of ingress or egress from her remaining property to the 2-lane highway constructed upon the portion of the 300-foot highway right-of-way adjacent to her property and respondent, her customers and invitees may enter upon that 2-lane outer roadway from any point along the entire frontage of respondent's remaining property and she or they may proceed in either direction north or south as before the condemnation took place and they may enter the throughways at the designated places. Travelers may come to her property over the same routes. There is no limitation of access insofar as respondent's remaining property is concerned, but respondent and her invitees will *not* be able to enter upon the "limited access" 2-lane throughways in the center of the 300-foot highway unless they go, *as all other members of the traveling public must go,* to the proper entrances which are avail-

able some distance north and south of respondent's motel.

■ An abutting owner's property right to "access" is better described as the right of ingress and egress to and from his property and the abutting public highway. The right also includes the further right to connect with or reach the system of public highways, which right is also subject to reasonable restrictions under the police power of the State in protecting the public and facilitating traffic. The right does not include the right to travel in any particular direction from one's property or upon any particular part of the public highway right-of-way because, after one is upon the highway he has the same right as all other travelers and the right of travel is a public right and controlled by the police power of the State. Nor does the right of ingress or egress to or from one's property include any right in and to the existing public traffic on the highway, or any right to have such traffic pass by one's abutting property. The reason is that all traffic on public highways is controlled by the police power of the State, and what the police power may give an abutting property owner in the way of traffic on the highway it may take away, and by any such diversion of traffic the State and any of its agencies are not liable for any decrease of property values by reason of such diversion of traffic, because such damages are "damnum absque injuria", or damage without legal injury. The trial court, therefore, erred in admitting evidence of depreciation of the value of respondent's property by reason of the diversion of traffic and the so-called "loss of access".

While the petition in this case and the plans for the improvement may show that no abutting property owners shall have the right of direct access to the throughways, except as shown on the plans, this prohibition applies with equal force to all members of the general traveling public and the statement is a declaration under the police power of the State as granted to the State Highway Commission by the Constitution of Missouri 1945, Art. IV, Sec. 29, V.A. M.S. Damages caused thereby are damages without legal injury and are not recoverable. Therefore, as far as respondent and her property rights are concerned she has the same right of ingress and egress from her remaining property to the highway right-of-way that existed before, but after she or her invitees enter upon the adjacent right-of-way of the highway, they are subject to the same regulations, inconveniences and controls that govern all other members of the traveling public. They must go to the established entrances to get on the throughways. The "limited access" in this case is, therefore, only the limitation of access as applied to the throughways. That limitation is imposed by the State Highway Commission under the police power of the State and that regulation applies to respondent and her invitees just like it does to everyone else using the highway. If it causes damage and inconvenience, it is a common inconvenience applicable to all.

■ Respondent, as an abutting property owner on a public highway, does not now have and has never had any other property interest in the public highway other than a reasonable right of ingress and egress, as stated. Respondent has never had a property right in the traffic, great or small, on the highway, nor a right to recover damages for a decrease in value of her premises by reason of the diversion of traffic away from her property, nor has she had a property right to have the same amount of traffic pass her property as before or to have it move in the same direction. Respondent's property right of access has never extended further than the right to enter *upon* the highway or to leave it and have reasonable connection to the public road system. Once upon the highway, the police power of the State controlled and respondent and her invitees were subject to the "Rules of the Road" as established by statute under the police power of the State (Ch. 304, Traffic Regu-

lations, RSMo 1959, V.A.M.S.) and *now*, as may be determined by the State Highway Commission under constitutional authority. No one has a right to drive on any part of the road he may want to or the way he wants to. These Rules of the Road and all such police power regulations apply to respondent and her invitees in common with all other members of the public and she may not collect damages for common inconveniences that she may suffer along with all other members of the public, nor for damages resulting from the exercise of the police power of the State.

While this Court may not have previously ruled a case exactly like this one, nevertheless, we think the general issues have been settled by many appellate court decisions, the most recent of which we find to be Filger v. State Highway Commission, decided by the Kansas City Court of Appeals, February 5, 1962, and reported in 355 S.W.2d 425. This opinion is in conformity to the law of this State as previously declared, and it further represents sound public policy, as previously recognized. In that case the owners of a tract of land abutting upon the highway had sued for damages allegedly suffered through alterations of the traffic pattern on the existing highway. The Court of Appeals, in an opinion by Maughmer, C., held that a diminution from 163 feet to 47½ feet in the direct access of the abutting property to the main highway did not materially block or render physically impossible vehicular entrances and did not entitle the owner to an award of damages against the State Highway Commission, and it further held that traffic, great or small, is merely an incident to streets and highways and cannot be considered an element of damages or benefits. The opinion, while not citing many Missouri cases, cites numerous cases from other states which conform to the general law of Missouri and are not inconsistent with the law as previously declared by this Court.

A late decision by the Supreme Court of Arkansas in Arkansas State Highway Commission v. Bingham, 231 Ark. 934, 333 S.W.2d 728, is also in accord with such decisions of this Court as are available in Missouri at this time. The decision accords with sound public policy and many decisions support the conclusion there reached, to-wit, that, although the right of ingress and egress is a property right which is compensable in a condemnation action, yet, where the condemnee's remaining land was on an access road, there was no taking of such property right, even though the adjacent access road's nearest connection with the "limited access highway" was more than a mile from condemnee's filling station. It was further held that depreciation in property values and loss occasioned by the diversion of traffic and inconvenience resulting from circuity of travel in reaching the subject property were not compensable; and that evidence of loss resulting from such diversion of traffic, et cetera, was incompetent and inadmissible. One Judge dissented, but we think his views do not accord with prior decisions of this State.

█ In numerous condemnation cases it has been well established that a condemnee may not recover for such injuries, damages and inconveniences as are common to other members of the public, including other landowners in the neighborhood, portions of whose land has not been taken. Chicago, Great Western R. Co. v. Kemper, 256 Mo. 279, 166 S.W. 291, 295 [8, 9].

In the case of State ex rel. State Highway Commission v. McMurtrey, Mo.Sup., 300 S.W.2d 521, 527 [6, 7], this Court reversed the case because the trial court had refused to give Instruction No. 3, as follows: " 'The Court instructs you that in determining whether there is any damage to the defendant's (sic) land, you shall not take into consideration such inconveniences and disadvantages, if any, to the defendant as are the consequences of the lawful and proper use of the state highway in question in so far as the same are common to other

landowners in the neighborhood, no portion of whose lands is taken for said state highway. Nor shall you consider any inconveniences, disadvantages, or damages which do not cause a decrease in the market value of the defendant's (sic) land.' "

Also see Missouri, A. & G. R. Co. v. Harris, Mo.Sup., 181 S.W. 34, 35 [3] (where the refusal of such an instruction was held error); State ex rel. State Highway Commission v. Watkins, Mo.App., 51 S.W.2d 543, 544[1–3] (where the refusal of such an instruction was held error); State ex rel. State Highway Commission v. Graham, Mo. App., 74 S.W.2d 493, 494[2] (where the refusal of such an instruction was held error); State ex rel. State Highway Commission v. Manzer, 229 Mo.App. 287, 77 S.W.2d 123[1]; Kansas City, N. & Ft. S. R. Co. v. Dawley, 50 Mo.App. 480, 485; State ex rel. State Highway Commission v. Hoffman, Mo.App., 132 S.W.2d 27, 30[3].

■ A condemnee may only recover for such items of damages as are special to him.

■ Further, many cases deal with the rights of an abutting owner upon a public street or highway and point out that such right constitutes a property right and is an interest in land which cannot be taken by condemnation without payment therefor. Nevertheless, the cases point out that this right is subject to certain well-recognized limitations and exclusions. One of these limitations is that the right of ingress and egress does not extend to every foot of the condemnee's frontage, but under the police power of the State the right may be limited to a reasonable access under the existing facts and circumstances. Filger v. State Highway Commission, supra. Every citizen holds his property subject to the valid exercise of the police power. Bellerive Inv. Co. v. Kansas City, 321 Mo. 969, 13 S.W.2d 628, 634[1] and cases cited.

In the case of Christy v. Chicago, B. & Q. R. Co., 240 Mo.App. 632, 212 S.W.2d 476, 479[4, 5], the Court said that, " * * * when access to property is cut off in one direction by the vacation or closing of a street upon which it abuts but may be had in the other direction, the property is not taken or damaged. It does not suffer damage different in kind from that suffered by the general public although injury to the property may be greater."

Other cases hold that an abutting property owner's right of ingress and egress to and from a public street is subject to the city's right to regulate the right in the public interest and that a city may do so as long as such regulations do not unreasonably impair the owner's right. City of Clayton v. Nemours, 353 Mo. 61, 182 S.W.2d 57, 60[4–6]; Nemours v. City of Clayton, 237 Mo.App. 497, 175 S.W.2d 60, 65[1, 2]; Wilhoit v. City of Springfield, 237 Mo.App. 775, 171 S.W.2d 95, 98[4–6].

In the case of Press v. Penny, 242 Mo. 98, 145 S.W. 458, 459[1, 2], the Court said with reference to the property right of access: "It is true that the exercise of this right is, like the exercise of the right of the public to travel on the same highways, subject to the reasonable control of the Legislature, applied either directly or through its municipal agencies; but each of these rights is subject to those modifications and restrictions necessary to the exercise of the other."

In the case of Gorman v. Chicago, B. & Q. R. Co. & City of St. Louis, 255 Mo. 483, 491, 164 S.W. 509, 511, where the city had authorized the railroad to construct an embankment 15 feet high across a street requiring the re-routing of traffic and an abutting owner of property on the street complained, this Court said: "The right protected by the Constitution because it pertains to his property is the right of access to the street or free passage between his property and the street so that he may go upon it

*to exercise his public right of travel,* and when he has done so return to his own ground. \* \* \* *While some courts in other jurisdictions have held that the private right of access to the street appurtenant to abutting property includes the right to travel along the street to certain other places within limits that thus far have not been satisfactorily designated* this court has consistently adhered to the doctrine that the right of access is *the only right appurtenant to private property which is not included within such broad control as has been conferred upon the city of St. Louis* by the charter provision we have quoted." (Italics ours.)

In the same case the Court further stated: (255 Mo. 483, 494, 164 S.W. 509, 512) " 'The inconvenience to every person traveling in a vehicle south of the railroad tracks, who desires to go north directly across them on this public street, and to every person north who desires to go directly on it south across them, of having to make a *detour* by some adjacent street where crossings are provided, is the injury of which the plaintiff complains in each case. *This is a common public injury for which damages cannot be recovered by an individual citizen, although such inconvenience to the public and to him may depreciate the value of his property.'* " (Italics ours.) And see Siemers v. St. Louis Elec. Terminal R. Co., 348 Mo. 682, 155 S.W.2d 130, 136[9–11].

In the case of Christy v. Chicago, B. & Q. R. Co., supra, 212 S.W.2d 476, 479 [4, 5], the Court further said: "it is now a well settled doctrine in this state that property is not damaged by the vacation or closing of a street or highway unless it abuts upon that part of the street vacated, *or, is cut off altogether from the general system of streets or highways. This is not a universal doctrine and it has been criticised but it is the law in this state established by a long line of authorities,* which authorities also establish the fur-

ther proposition that when access to property is cut off in one direction by the vacation or closing of a street upon which it abuts but may be had in the other direction, the property is not taken or damaged. It does not suffer damage different in kind from that suffered by the general public although injury to the property may be greater." (Italics ours.)

It will be noted that both the Christy case and Gorman case call attention to the fact that the law of Missouri is not universally accepted in this country; some states do not follow the Missouri law. However, the opinion in Hill-Behan Lumber Co. v. State Highway Commission, 347 Mo. 671, 148 S.W.2d 499, 502, points out that some contrary decision in other states are based upon statutes or constitutional provisions that are not controlling in Missouri.

A party may recover only when his private property rights are taken, *but not for rights he enjoys as a member of the public.* In Rude v. City of St. Louis, 93 Mo. 408, 414, 6 S.W. 257, 258, the Court said: "In Dill. Mun. Corp., we find this statement: 'Although the distinction between the nature of the rights of the public in a street, and the right of an individual proprietor *to access to his premises* from the street, has been often overlooked, yet it is one which has been asserted by high authority. The right of an abutting owner to access to and from the street is a *private right,* in the sense that it is something different from the right which the members of the public have to use the street for public purposes. Conformably to this doctrine, and in part based upon it, a person owning or in possession of premises abutting on the public highway or street, *whose right of access to the same is unreasonably or unlawfully obstructed,* may recover from the person causing such obstruction damages for the private injury he sustains, where such damages are particular, direct, and substantial.' Section 730, 3 Ed. So the law is quite well settled that the property owner must show, to entitle him to recover dam-

ages for an obstruction to a highway, that the damages are peculiar to him, different in kind, and not merely in degree, from those suffered by other members of the community."

In Fairchild v. City of St. Louis, 97 Mo. 85, 87, 11 S.W. 60, the Court said: "The ground of complaint is the same in each case, and in each case access to the public street to and from the owner's property and along it to the whole public street system of the city is unobstructed, though not so convenient, perhaps, as before this crossing was closed. The inconvenience to every person traveling in a vehicle south of the railroad tracks, who desires to go north directly across them on this public street, and to every person north who desires to go directly on it south across them, of having to make a *detour* by some adjacent street where crossings are provided, is the injury of which the plaintiff complains in each case. This is a common public injury, for which damages cannot be recovered by an individual citizen, although such inconvenience to the public and to him may depreciate the value of his property."

In Wilson v. Kansas City, Mo.Sup., 162 S.W.2d 802, 803[1, 2], the Court, with reference to an abutting landowner's rights, said: "'The right protected by the Constitution because it pertains to his property is the right of access to the street or free passage between his property and the street, *so that he may go upon it to exercise his public right of travel*, and when he has done so return to his own grounds.'" (Italics ours.)

We hold the trial court erred in refusing to give plaintiff's Instruction A, which was proper under our instruction practice in effect at that time; and in admitting in evidence the testimony concerning the alleged $25,000 decrease in value of the premises due to the diversion of traffic by the limited access nature of the new roadway causing traffic to flow faster by the premises, deterring northbound traffic, hindering southbound traffic and causing an obstacle or barrier interfering with the free flow of customer traffic into the condemnee's property; and that the speed at which the traffic would flow by would deter people who were potential customers from stopping. On retrial, plaintiff would be entitled to an instruction withdrawing improper elements of damage which should be modeled after 30.02, Missouri Approved Jury Instructions.

The judgment is reversed and the cause remanded.

EAGER, C. J., STORCKMAN, HYDE, HOLMAN and HENLEY, JJ., and STONE, Special Judge, concur.

FINCH, J., dissents in separate opinion filed.

DALTON, J., not sitting.

FINCH, Judge (dissenting).

This appeal involves the question of whether the conversion of U. S. Route 67 to a limited access highway caused Respondent Anna Pitti to lose her pre-existing right of access to U. S. Route 67 or whether the construction of an outer roadway preserved her right of access and prevented consideration of loss of access in determining her damages. I find myself unable to concur in the majority opinion for the reasons expressed in my dissenting opinion filed in the case of State ex rel. State Highway Commission v. Brockfeld, et al., Mo., 388 S.W.2d 862, decided simultaneously with this case.

I would affirm the judgment.