**STATE of Missouri ex rel. STATE HIGH-
WAY COMMISSION of Missouri,
(Plaintiff) Appellant,**

v.

**G. A. BROCKFELD et al., Exceptions of Har-
old S. Stinson, Sr., Dorothy Bopp Stinson,
David W. Stinson, Trustee, and Harold S.
Stinson, Jr., (Defendants) Respondents.**

No. 31638.

St. Louis Court of Appeals.

Missouri.

June 15, 1965.

Rehearing Denied Oct. 13, 1965.

Robert L. Hyder, Bruce A. Ring, Jefferson City, for (plaintiff) appellant.

Wehrle & Wehrle, Walter Wehrle, Clayton, A. H. Juergensmeyer, Warrenton, for (defendants) respondents.

R. KENNETH ELLIOTT, Special Judge.

In this condemnation action defendants recovered a verdict and judgment in the sum of $13,750 for the taking of a part of defendants' tract of land located on the south side of Route 40 in Warren County, having a frontage of approximately 640 feet in two segments, a parcel fronting in the approximate middle having been previously sold, and consisting of approximately 12.3 acres, on the western portion of which was located a motel. In the proceeding the plaintiff Highway Commission acquired a triangular tract of land in the northeast portion of the property and a long strip along the county road at the east side of defendants' property. No additional right-of-way was taken from the portion of defendants' property in front of the motel building. Plaintiff appealed, and the only point on appeal is the claimed error in giving Instruction No. 3 at the request of the defendants and in refusing plaintiff's requested Instruction No. 6.

Instruction No. 3, offered by defendants and given by the Court, is as follows:

"The Court instructs the jury that in determining just compensation to

be paid to the defendants for the appropriation of their property by the plaintiff, as described in the evidence you may take into consideration the damages, if any, resulting to the remainder of defendants' whole tract of land by reason of the taking of defendants' right of access to U. S. Highway 40, existing on June 21, 1962 and by the construction of the limited access highway as described in the evidence."

Instruction No. 6, offered by plaintiffs and refused by the Court, is as follows:

"The Court instructs the jury that in determining the amount of damages to which the Defendants are entitled for the taking of a part of their property by this proceeding, you may take into consideration the fact that Defendants will have no right of access between their property and the highway or its right-of-way along a portion of the front of their remaining property as described in evidence and the affect (sic) that has upon the value of Defendants' remaining property; however, you are instructed that you shall not award to Defendants, any damages nor allow to them any sum of money because of the fact that Defendants will not have access between their property and the thruways of said highway, if you find that there is a right of access between Defendants' property and an outer roadway of the highway after the construction of the highway."

These two instructions in effect took opposite positions as to whether or not the jury would consider damages to defendants' property occasioned by defendants' claim that plaintiff was taking defendants' right of access to U. S. Highway 40, which existed on June 21, 1962, by the construction of an outer roadway which would be interposed between the eastbound lane and the motel, but on the present right-of-way, thereby requiring traffic to and from the motel to travel some three miles in either direction in order to enter on the east or west lanes of the new interstate highway, I–70, proposed to be built on the present U. S. 40 after improvement of its dual lanes.

This is a companion case to State ex rel. State Highway Commission of Missouri v. Brockfeld et al. (Exceptions to the Award to George F. Mohr, Genevieve B. Mohr, John G. Speed, Trustee, Alberta A. Denny, Sinclair Refining Company, a corporation, Noah C. Hase, Irene Hase, People's Bank of Hawk Point, a corporation, William Sands and Fern Sands), which was decided first in an opinion of this court at 378 S.W.2d 254, and later transferred to the Supreme Court. The Supreme Court, en banc, in case No. 50883, 388 S.W.2d 862, reversed this court's decision. The motel in the instant case was located adjacent to the gasoline service station in the Mohr case, supra.

Since the case of State ex rel. State Highway Commission of Missouri v. Brockfeld et al. (Exceptions to the Award of George F. Mohr et al.), supra, is determinative of this case, it will not be necessary to further lengthen this opinion. See also State ex rel. State Highway Commission of Missouri v. Meier et al. (Exceptions of Annie Pitti), Supreme Court, en banc, No. 50290, 388 S.W.2d 855.

Attention is directed to the references in both of the cited cases to 30.02 Missouri Approved Jury Instructions.

The judgment is reversed and the cause remanded.

WOLFE, Acting P. J., and ANDERSON, J., concur.