STATE of Missouri, ex rel. MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION, Respondent,

v.

Edward F. MERKEL, et al., Exceptions of Antoinette P. Taylor, Appellant.

No. 46994.

Missouri Court of Appeals, Eastern District, Division Two.

Aug. 14, 1984.

John H. Lamming, J.B. Carter, Clayton, for appellant.

Donald L. Spry, Joy Ryan, Kirkwood, for respondent.

SIMON, Judge.

Antoinette Taylor (appellant) appeals from a judgment entered on a jury verdict awarding her $45,000 for Missouri Highway and Transportation Commission's (respondent) partial condemnation of her real estate. The judgment is affirmed.

Respondent initiated this action to acquire, *inter alia*, a 10 foot wide strip of land across the entire frontage of appellant's property (5347 square feet) for a highway right-of-way and a five foot wide strip (2673 square feet), which abutted the right-of-way, for a five year temporary construction easement. Appellant's property fronted the Interstate 44 north outer road 0.8 mile west of the Interstate 44 Bowles Avenue overpass. The north outer road served two-way traffic before the taking, but was altered to one-way traffic afterward.

The property was zoned industrial-business, which included commercial use. Three businesses were located on the property: a restaurant, a Trailways bus depot, and a truck stop. After the taking, however, the restaurant closed.

Mrs. Laura Noon, appellant's expert real estate appraiser, stated that the highest and best use of the property before the

jury. This tape is not part of the record on appeal.

6. We do not reach the question of proper order of proof.

taking was commercial in the front and industrial in the rear of appellant's tract. The highest and best use after the taking was industrial for the entire parcel, according to Mrs. Noonan, because of the lack of commercial activity in the area. She assessed damages from the partial taking at $225,000.

Mr. Don Roach, respondent's real estate appraiser, testified that the highest and best use of the property both before and after the partial taking was commercial-industrial. He maintained that appellant's damages were $26,050.

The trial court granted respondent's pretrial motion in limine which sought the exclusion of "all evidence that may be offered in the trial of this cause, either directly or indirectly, for any claim of damages or loss to defendant's [appellant's] remaining property ... 'by reason of a diversion of traffic from said defendant's remaining property because of a change from two-way to one-way traffic along the outer roadway that abuts said property' ..." The trial court also excluded any evidence which would indicate that appellant had suffered damages due to the construction of the Bowles Avenue overpass, which apparently also diverted traffic from appellant's property. The sole issue on appeal is whether the trial court erred by excluding evidence that the traffic diversion caused by the change from two-way to one-way traffic and the construction of the overpass affected the amount of appellant's damages.

In *State ex rel. State Highway Commission v. Meier*, 388 S.W.2d 855 (Mo. banc 1965), *cert. den.* 382 U.S. 846, 86 S.Ct. 79, 15 L.Ed.2d 86, the landowner operated a motel on her property, which fronted the west side of highway 67, a non-limited access highway. The State Highway Commission, now the Missouri Highway and Transportation Department, condemned a thirty foot wide strip of land across the landowner's entire frontage in order to build a new, limited access, highway in place of the old Highway 67. Our Supreme Court held that the trial court erred in allowing this evidence of depreciation of the value of the landowner's property due to traffic diversion and limitation of access:

> An abutting owner's property right to "access" is better described as the right of ingress and egress to and from his property and the abutting public highway. The right also includes the further right to connect with or reach the system of public highways, which right is also subject to reasonable restrictions under the police power of the State in protecting the public and facilitating traffic. The right does not include the right to travel in any particular direction from one's property or upon any particular part of the public highway right-of-way because, after one is upon the highway he has the same right as all other travelers and the right of travel is a public right and controlled by the police power of the State. Nor does the right of ingress or egress to or from one's property include any right in and to the existing public traffic on the highway, or any right to have such traffic pass by one's abutting property. The reason is that all traffic on public highways is controlled by the police power of the State, and what the police power may give an abutting property owner in the way of traffic on the highway it may take away, and by any such diversion of traffic the State and any of its agencies are not liable for any decrease of property values by reason of such diversion of traffic, because such damages are "damnum absque injuria", or damage without legal injury. The trial court, therefore, erred in admitting evidence of depreciation of the value of respondent's property by reason of the diversion of traffic and the so-called "loss of access".

388 S.W.2d at 857[1–5]; see also *State ex rel. State Highway Commission v. Brockfeld*, 388 S.W.2d 862 (Mo. banc 1965) *cert. den.* 382 U.S. 846, 86 S.Ct. 79, 15 L.Ed.2d 86.

Appellant cites *State ex rel. State Highway Commission v. Nickerson*, 578 S.W.2d 916 (Mo. banc 1979), where our Supreme

Court held the trial court erred when it required the defendant landowner to add a "tail" in his questions to his valuation witnesses, which tail instructed the witnesses to leave out any consideration of diversion of traffic in assessing the fair market value of the defendant's land which remained after a partial condemnation. The Court stated that in view of MAI 9.02 and 16.02, which require the jury to assess the condemnee's damages as the difference between the fair market value of the property before the taking and the fair market value of the remaining property immediately after the taking, the trial court had given the jury one test to apply but evidence appropriate only for another test. 578 S.W.2d at 918. The Court, however, refused to overrule *State ex rel. State Highway Commission v. Meier,* supra, and *State ex rel. State Highway Commission v. Brookfeld,* supra 578 S.W.2d at 920–921.

The present case is distinguishable from *Nickerson.* Here the trial court did not require appellant's counsel to add a tail to the valuation questions. Thus, the jury was given evidence which would allow it to assess damages based on the fair market value of appellant's entire tract before the taking less the fair market value of appellant's remaining property after the taking. The trial court simply refused to allow evidence that appellant's tract had depreciated in value due to the traffic diversion. Cf. *State ex rel. State Highway Commission v. Meier,* supra.

Whether *State ex rel. State Highway Commission v. Nickerson, supra,* has implications beyond the facts there presented is an issue which we are not prepared to address. Legal scholars share our uncertainty regarding the ramifications of *Nickerson.* See Missouri Condemnation Practice, The Missouri Bar (1979 Supp.), § 4.18; Stern, Sharon G., and Frantze, David, "Recent Developments in Missouri: Property Law, Diversion of Traffic as a Compensable Loss," 48 UMKC L.Rev. 645, 649–654 (1980).

We do know, however, that *State ex rel. State Highway Commission v. Meier* has not been overruled and holds that evidence of depreciation in value of land due to traffic diversion and limitation of access is inadmissible in partial condemnation actions. The trial court, therefore, did not err in granting respondent's motion in limine.

The judgment is affirmed.

CRIST, P.J., and PUDLOWSKI, J., concur.