**KAMO ELECTRIC COOPERATIVE, INC.,**
Appellant,

v.

**William C. CUSHARD and Elizabeth Ruth Cushard, Respondents.**

No. 54823.

Supreme Court of Missouri,
En Banc.

June 8, 1970.

Rehearing Denied July 13, 1970.

Jack L. Rorschach, Vinita, Okl., John M. Belisle, Belisle, McNabb & Kyser, Butler, for appellant.

E. J. Murphy, Butler, for respondents.

The Empire District Electric Co., Frederick H. Laas, Joplin, Kansas City Power & Light Co., Lowell L. Smithson, Kansas City, Missouri Power & Light Co., J. Steven Weber, Jefferson City, Missouri Public Service Co., Ronald C. Spradley, Kansas City, Southwestern Bell Telephone Co., Edgar Mayfield, St. Louis, Union Electric Co., Joseph E. Birk, St. Louis, amici curiae.

Pickett, Andereck & Hauck, Phil Hauck, Trenton, for N. W. Electric Power Cooperative, Inc., amicus curiae.

SEILER, Judge.

This is a condemnation suit to acquire an easement 100 feet wide, running diagonally 2,805 feet across defendants' 220 acre farm-residence property. Upon and along the easement plaintiff has constructed a 69,000 volt electric transmission line consisting of 8 single poles with supporting cross arms, insulators, circuit breakers, wires, lightening arrestors, and other necessary electric equipment. The line is plainly visible from the public highway which runs east and west along the south edge of the farm, comes within 500 to 600 feet of defendants' farm improvements,

and runs along the most visibly prominent and "best part" of the farm, the "ridge". The farm, described as "one of the best farms in the country", consists of well-improved crop and pasture lands and is located in Bates County, Missouri, about 2 miles west of Passaic. The first trial, in 1966, resulted in a jury verdict and judgment awarding defendants damages of $4,800. Kamo appealed to the Kansas City Court of Appeals, one contention being that the trial court erred in permitting the jury to take into consideration any unsightliness of the property resulting from the construction and maintenance of the transmission line. The Kansas City Court of Appeals, in an opinion written by Cross, J., and reported in 416 S.W.2d 646, decided this issue against Kamo, but reversed and remanded on another ground. In the second trial, held in 1967, the jury awarded defendants $5,600. Kamo again appealed to the Kansas City Court of Appeals, which affirmed the judgment in an opinion also written by Cross, J. The case was transferred here on the application of the plaintiff because of the conflict existing in the courts of appeals over whether the jury could take into consideration the element of looks or unsightliness: see, Kamo Electric Cooperative v. Brooks, decided by the Springfield Court of Appeals in 1960, 337 S.W.2d 444, holding that it was not error for the trial court to instruct the jury that it should not take into consideration damage, if any, which might arise because the looks of the transmission lines across the tract would be detrimental to its value, as contrasted with Union Electric Co. of Missouri v. Simpson, decided by the St. Louis Court of Appeals in 1963, 371 S.W. 2d 673, holding that it was not error for the trial court to permit the landowner's counsel to argue to the jury that power lines are unsightly and that, naturally, his clients did not want that line on their land and the above-mentioned opinion of the Kansas City Court of Appeals in 1967, 416 S.W.2d 646, where the court approved the action of the trial court in permitting testimony as to the "looks" and "unsightliness"

of the transmission line and its effect on the value of the property and in refusing an instruction withdrawing that element of damage from the jury's consideration.

The point has not been decided by this court. Under the constitutional provisions, Art. V, Sec. 10, 1945 Constitution, this case being here by our transfer, we decide it the same as if it were here on original appeal. Plaintiff advanced other contentions before the court of appeals, but in this court it has abandoned the other points, and the sole issue is the admissibility of the element of unsightliness as bearing on the issue of damages.

We decide the issue in favor of the defendants and affirm the judgment. In doing so, we acknowledge the comprehensive opinions by Cross, J., in the earlier and on the present appeal, from which we borrow heavily both as to statement of facts and reasoning.

Evidence was introduced to show the market value of the entire farm before and after the easement was taken and thus establish the net resultant depreciation in value. Defendant, William C. Cushard, testified the total decrease in market value was $10,000 and that 50% of the decrease resulted from unsightliness of the transmission line. E. A. Brewer, a licensed real estate broker produced by defendants testified that the difference in before and after value of the farm was $11,000. He further testified that the lines are "unsightly", that the unsightliness affected the value of the property " * * * very much * * * because as you drive up to the farm, that's the first thing you see is the power line between you and the house". Asked to explain what the "appearance of these lines across the Cushard property * * * has * * * to do with the valuation of it", the witness answered, "Well, it knocks the value down very much, because anybody looking at it is going to object to it." He testified it would be the first thing that any prospective buyer looking at the farm would see. He said his testimony was

based partly on the unsightliness of the power line and the damage it would do to the property if the owners should decide to sell it. The witness also testified that defendants had "a lot nicer farm than some of the adjoining farms", and that there was a difference in the amount of damage that the transmission line did to the Cushard farm from the standpoint of looks compared to other farms in the neighborhood because of the location of the Cushard farm, it being a good, level farm lying on a blacktop highway and so worth more than one sitting off the road. Mr. Brewer attributed 60% of the depreciation in market value of the farm to the unsightly effect of the transmission line.

Paul Buerge, defendants' third witness, president of a bank at Butler, had been engaged in the grain elevator business for 20 years, had owned and operated farm land most of that time, made loans on farm land at the bank, and was generally familiar with real estate values in and around Bates County. He put the value of the farm at $55,000 before plaintiff took the easement and $41,250 afterwards, a decrease of $13,750. He considered the power line as unsightly and said it affected the value of the Cushard property because it goes "* * * across the high point of the farm, which always is the best part of the land. It goes antigoggling across the farm, the ridge part of it." He attributed 40% of the damage to the element of looks or unsightliness.

Kamo produced three witnesses. Tom McGuire, a licensed real estate broker, placed the before and after value of the farm at $49,500 and $47,960, total damage $1,540. He testified he did not think power lines were "particularly unsightly", and that they had little effect on a farm's market or loan value. Roy Young, an insurance agent, put the before and after values at $51,700 and $50,150, total damage of $1,550. He did not think power lines were unsightly and, in fact, would say "* * * they are prettier than some trees * * *" He did not think the val-

ue of any real estate is ever affected by the appearance of power lines. Ira H. Baker, former county clerk, put the damage at $2,400. He testified the power line was "not particularly" unsightly. He did not know whether any property could be affected by the appearance of a power line running across it.

Following the testimony of witnesses Cushard, Brewer, and Buerge, Kamo moved the court to strike such portion of their testimony as related to the element of looks or unsightliness and to admonish the jury to disregard such testimony, which motions were by the court overruled. Kamo made no attack upon the qualification of defendants' witnesses to testify to land values. At the close of all the evidence Kamo requested and the court refused to give an instruction that the jury should not take into consideration damage which may arise because the "looks" of the transmission line across the tract would be detrimental to its value.

For a statement of the general rules as to the measure of compensation in a transmission line easement case and a collection of the authorities on the "[t]wo distinctly divergent views * * * held by the courts of the various jurisdictions on whether the unsightliness of power transmission lines and appurtenances is an element of damage to be awarded when the property condemned for the power line easement consists of farm lands * * *", we refer the reader to the first Cushard decision, 416 S.W.2d l.c. 651–654. Judge Cross there also discusses the Springfield Court of Appeals opinion of Kamo Electric Cooperative Inc. v. Brooks, supra, relied upon by Kamo, and Union Electric Co. of Missouri v. Simpson, supra, relied upon by defendants.

■ We cannot say it any better than Judge Cross has already said it in the first Kamo decision, 416 S.W.2d 646, and Kamo and amici curiae have not produced any additional citations or authorities which convince us to the contrary. As Judge

Cross said when he was discussing the evidence produced on behalf of the defendants with respect to the value of the property as affected by the appearance of the transmission line at 416 S.W.2d l.c. 655, the testimony of said witnesses " * * * is strongly persuasive that the appearance of defendants' farm property was marred by Kamo's power transmission line and that its market value was thereby materially diminished. This evidence is amply sufficient to support the issue to which it relates. We cannot rule otherwise because we are not convinced that all fair minded, honest, impartial, reasonable men would agree that no damage arose from the factor of the power line's unsightliness. * * * " We declare the rule to be that "unsightliness" resulting from a transmission line is in this state a proper element of damage for consideration by a jury when it is shown by competent and substantial evidence that such factor has diminished the value of the property involved.

▇▇▇ Kamo presents an additional point which was not argued to the court of appeals. This is that the "rule of common injury" precludes a claim of unsightliness here even if it is an injury. Kamo argues that it becomes an area and neighborhood problem, a personal inconvenience, comparing it to highway noise, citing State ex rel. State Highway Commission v. Turk (Mo. Sup.) 366 S.W.2d 420, and to damage from smoke or noise caused by passing trains or from the ringing of bells or sounding of whistles, citing Chicago Great Western Railroad Co. v. Kemper, 256 Mo. 279, 166 S.W. 291, 295–296. However, land is unique and no one else has a power line which goes across this particular farm in this particular way except the defendants. The farm of the defendants is "a lot nicer" according to defendants' evidence than some of the adjoining farms. The fact the power line crosses other farms before it reaches and after it leaves defendants' farm does not destroy defendants' right to be paid just compensation for the loss in market value of their farm. Mr. Brewer testified that as a prospective buyer drives up to defendants' farm the first thing seen is the power line between him and the house. Mr. Brewer testified there is a difference in the damage to the looks of the other farms as compared to the damage done to the Cushard farm and explained why. Mr. Buerge testified that the transmission line goes across the high part of the farm, the ridge, which he considered the best part of the land. There is no evidence here how, if at all, the portion of the transmission line which actually passed over the property of the defendants affected the neighborhood in general. It may well be that so far as others were concerned, the situation was as the poet said, " 'Tis distance lends enchantment to the view." Before the taking in question, the defendants had the right to use their farm with complete freedom from diminution in value caused by unsightly structures on it erected by others. As a result of the transmission line being put across the property, the value of their property was reduced, due in part to the unsightliness of the line. This is no mere personal inconvenience or injury, " * * * common to other landowners in the neighborhood, whose property had not been taken * * * ", to quote from the Chicago Great Western case, 166 S.W. l.c. 296, relied on by plaintiff. There is no room under the evidence here for application of the proposition urged by plaintiff and we overrule the contention.

Judgment affirmed.

HENLEY, C. J., and FINCH, DONNELLY and HOLMAN, JJ., concur.

MORGAN, J., not participating.

SHANGLER, Special Judge, not participating in decision of this case.

BARDGETT, J., not participating because not a member of the court when cause was submitted.