**LAND CLEARANCE FOR REDEVELOP-MENT AUTHORITY OF the CITY OF SPRINGFIELD, Missouri, Plaintiff-Appellant,**

v.

**W. P. HOLLAND et al., On Exceptions of New Harmony Lodge I.O.O.F. No. 71 of Greene County, Missouri, Defendant-Respondent.**

No. 9293.

Missouri Court of Appeals, Springfield District.

Feb. 19, 1974.

White, Dickey & Allemann, Sam Dickey, Clyde R. Allemann, Springfield, for plaintiff-appellant.

Neale, Newman, Bradshaw & Freeman, Paul L. Bradshaw, Warren S. Bradford, Springfield, for defendant-respondent.

BILLINGS, Judge.

A Greene County jury awarded the defendant $92,000.00 for plaintiff's taking by condemnation defendant's land and building, as part of urban renewal, in the downtown Springfield area. Plaintiff contends the trial court erred in permitting evidence of reproduction cost and non-comparable sales to be heard by the jury and further complains that the verdict was excessive. We affirm.

The Odd Fellows building was a three-story brick and tile structure with a full basement. The first floor contained commercial office space a part of which was rented to tenants. A kitchen and dining hall for lodge members and their families took up most of the second floor area with three small rooms being available for rental. Defendant's lodge hall and regalia rooms were located on the top floor and regularly used.

Qualified real estate appraisers appeared as expert witnesses for both parties at the trial and were in agreement that there are generally three accepted methods of appraising real estate on which improvements are located. These were described as the capitalization of income produced by the property, comparable sales, and, the reproduction cost less depreciation plus the value of the land.

As is not uncommon in condemnation proceedings the evidence offered by the parties as to the fair market value of the Odd Fellows was at considerable variance. Using the reproduction cost less depreciation plus the value of the land and the comparable sales methods the defendant's experts voiced opinions of fair market value which ranged from $92,000.00 to $98,500.00. Using the capitalization of income and comparable sales approaches, or a combination of all three methods, plaintiff's witnesses determined the market value to be between $22,300.00 and $43,600.00.

Defendant's value witnesses explained they did not consider the capitalization of income method because the Odd Fellows building was built and primarily used as meeting place for the lodge and there was no substantial income from the space available for rentals. Further, it was pointed out, the limited commercial space had become even more difficult to rent by reason of the public's awareness that the building was slated for demolition.

Plaintiff's witnesses were frank to admit that the capitalization of income method was not a fair approach if one considered the highest and best use of the property to be that of a lodge building. Because of the lack of income produced one of the witnesses, in an earlier appraisal of the property on behalf of plaintiff, had utilized the reproduction cost method to arrive at an opinion as to fair market value. In the main, plaintiff's appraisers considered the highest and best use of the Odd Fellows property to be "commercial" or for apartments—although one such witness who thought the best use would be for apartments acknowledged he did not appraise the property on that basis.

"Generally speaking, all evidence of value is admissible in a condemnation suit which an ordinarily prudent person would take into account in reaching his conclusion respecting the fair market value of the property under consideration . . ." City of St. Louis v. Paramount Shoe Mfg. Co., 237 Mo.App. 200, 168 S.W.2d 149, 155 (1943); 29A C.J.S. Eminent Domain § 273(1) (1965).

In United States v. Becktold Co., 129 F. 2d 473, 477 (8th Cir. 1942), the court considered the contention advanced by plaintiff in this appeal with respect to the use of the reconstruction cost method. "It is urged by plaintiff that the Missouri courts have held to the contrary, and in support of that contention the case of City of St. Louis v. Turner, 331 Mo. 834, 55 S.W.2d 942, 944, is relied on. In that case the court said that all the testimony was to the effect that the building was obsolete and not adapted to the character of the land. But the court said that, 'It is true that where the character of the structures is well adapted to the kind of land upon which they are erected, the cost of the buildings and fixtures, after making the proper deductions for depreciation by wear and tear, may be a reasonable test of the amount by which they enhance the market value of the land.'" Id. at 478.

In State v. Cone, 338 S.W.2d 22, 27 (Mo.1960), a condemnation suit involving land and a building located thereon, the court stated: "The useful lifespan and rate

of depreciation of the Colfry building was an issue in the case as a factor in determining the fair market value of the property by both of the well known methods of reproduction cost less depreciation, and capitalization of earnings. Whenever consideration is given to the cost of reproduction as an element in the determination of market value, it is recognized that a proper deduction must be made for depreciation."

█ There is no evidence in the record that the Odd Fellows building was obsolete and on the contrary there was evidence that the structure was sound and at least in average condition for a building its age. It was admitted by all appraisal witnesses that the building enhanced the value of the land. There was competent evidence heard by the jury as to the reproduction cost and depreciation of the building. We hold that the reproduction cost less depreciation, plus value of the land, were factors and elements that qualified witnesses could consider in arriving at their opinions as to the fair market value of the subject property.

Plaintiff's next complaint is directed to the consideration by defendant's experts of dissimilar properties in using the comparable sales approach in determining market value. In City of St. Louis v. Vasquez, 341 S.W.2d 839 (Mo.1961), the law of this state on this proposition is summarized as follows at pp. 850–851: "Sales of land of like character and similarly situated to that in question, not too remote in point of time, are admissible on the question of value as an aid to the jury in determining the damages to which the owner is entitled . . . The importance of other sales depends not only on their proximity in point of time but also upon 'similarity in location, and in *the uses to which the properties may be adaptable,*' . . . as well as in similarity of size of the tracts being compared. No two parcels of land are exactly alike. 'It is evident that there may be considerable differences in the size, shape, situation, and immediate surroundings of two estates and perhaps in other respects, and yet the price which one brought may be of substantial assistance in determining the value of the other.' . . . It is for the trial judge to exercise a wise judicial discretion in determining whether the two parcels are of sufficient similarity to have some bearing on the question of value. . . The jury verdict will not be upset on the ground of dissimilarity until the trial court abuses its discretion, by permitting the consideration of sales so dissimilar in pertinent comparison factors as to give the jury no assistance in the determination of the market value . . . The trial court is allowed a considerable latitude in this respect." (citations omitted)

In State ex rel. State Highway Commission of Mo. v. Kimmell, 435 S.W.2d 354, 357 (Mo.1968), it was held that: "In determining whether a collateral sale is one of comparable property and thus admissible, the trial court has a wide discretion. City of St. Louis v. Vasquez, Mo., 341 S. W.2d 839; State ex rel. State Highway Commission v. Koberna, Mo., 396 S.W.2d 654. In the latter case it is said that unless the differences are such as to make the evidence irrelevant as a matter of law, *such dissimilarity should go to the weight of the evidence rather than to its admissibility* . . . leaving the distinctions to be developed further on cross-examination." (emphasis added)

In this case there was general agreement that no sales of precisely comparable property were available and defendant's witnesses were cross-examined extensively with regard to sales of other properties they had considered in regard to their valuations of the Odd Fellows property. Interestingly, one of plaintiff's experts used as a "comparable" the sale of an identical parcel, the defendant's use of which for the same purpose is now urged as improper by plaintiff.

█ The other properties considered by witnesses for both parties were business buildings used for commercial purposes— the purpose that plaintiff's witnesses considered the highest and best use of the Odd

Fellows building. In admitting this evidence the trial court stated: "Just from the evidence so far it seems to me that it would be considered as a property that would lend itself to being converted for a commercial type use and I think that's one thing that ought to be a factor that the jury should be allowed to consider in this case. If that is so then it seems to me that we would be unduly restricting this case if we did not allow a comparable of this kind, or allow property of this kind to be compared by the jury. . . . [B]ut what's good for the goose would be good for the gander, the other side has some properties it claims as comparable."

We have carefully reviewed the transcript of the properties considered as "comparables" and the full and complete cross-examination of the witnesses as to any differences and dissimilarities. We are of the opinion that sufficient similarity in nature and location of the other properties was demonstrated and that this evidence was properly admitted with the weight thereof a matter for the jury's consideration. We therefore conclude the trial court did not abuse his discretion in this regard.

In support of its last complaint, that the jury verdict was excessive, plaintiff argues that the verdict is without adequate factual support and therefore cannot stand. Plaintiff's contention is premised on the fact that defendant's witnesses did not use the capitalization of income approach in arriving at their opinions as to the fair market value of the Odd Fellows property. In essence what plaintiff is really saying is that the income method was the *only* factor or element that could be considered in view of its position that the comparable properties considered by the witnesses were insufficient and that the reconstruction method could not be used.

■ What we have earlier said concerning the use of the comparable sales and reconstruction cost less depreciation methods disposes of plaintiff's argument on this point. The income method, although a factor which an appraiser might consider in a proper case, is particularly inapplicable here since the primary purpose of the building in question was defendant's use as a lodge hall rather than income producing property. We would also observe that plaintiff's witnesses admitted that if in fact the highest and best use of the property was for commercial rental property then the building should be remodeled and the rents projected on such basis, rather than capitalizing the limited amounts of rents—as they did.

■ As this court held in State ex rel. State Highway Commission v. Grissom, 439 S.W.2d 13, 17, 18 (Mo.App.1969), in denying appellant's contention that the jury's verdict was not supported by substantial evidence with respect to damages allowed, it was the prerogative of the jurors to resolve the evidentiary conflicts as to values and damages and their assessment of damages having been supported by substantial evidence and having been within the range of the competent evidence, we have no right to reweigh or reevaluate the evidence or to disturb the judgment. Or, as stated in State ex rel. Kansas City Power and Light Company v. Campbell, 433 S.W.2d 606, 622 (Mo.App.1968): "In this connection it is to be noted that although plaintiff's witnesses testified as to materially lower values of the subject property than did defendants' witnesses, 'Such disparity is not a good sound reason for an appellate court to disturb the verdict in a condemnation case.'" (citation omitted)

The judgment is affirmed.

HOGAN, C. J., not sitting.

STONE and TITUS, JJ., concur.