**STATE of Missouri, ex rel., MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION, Plaintiff-Appellant,**

v.

**Arthur C. MOSLEY, Jr., et al., Exceptions of Walter L. Bender, et al., Tract No. 3, Defendant-Respondent.**

No. 49079.

Missouri Court of Appeals,
Eastern District,
Division One.

July 9, 1985.

Motion for Rehearing and/or Transfer Denied Aug. 28, 1985.

Application to Transfer Denied Oct. 16, 1985.

Bruce A. Ring, Chief Counsel, and Michael J. Kuster, Asst. Counsel, Jefferson City, for plaintiff-appellant.

Robert Denlow, St. Louis, for defendant-respondent.

CARL R. GAERTNER, Judge.

The Missouri Highway and Transportation Commission appeals from a judgment in the sum of $50,000.00 based on a jury verdict in a condemnation case. By the power of eminent domain the Commission took 2.14 acres of a 21.10 acre tract for an

extension of the north outer road of Highway 40 in St. Charles County. The outer road had previously come to a dead-end at defendant's residential property but is now extended through his property, connecting with Highway 94 and Wolfrum Road and leading to highly developed areas.

The Commission's sole point on appeal asserts trial court error in the admission of evidence relating to diminution in value of the condemnee's remaining property due to loss of security and privacy. Commission argues that such losses are not compensable in a condemnation proceeding because, like increased noise and traffic, they are general damages, shared in common by all. Commission relies upon the principle enunciated in *State ex rel. State Highway Commission v. Galeener*, 402 S.W.2d 336, 340 (Mo.1966), "that noise and speed, increased traffic and their resulting inconveniences are neither elements of damages nor of benefits and they are not proper matters of proof or for the jury's consideration."

■ Commission overlooks that the *Galeener* court went on to say that although inconvenience was not an element of compensation, "it may with other factors affect future use and therefore market value...." *Id.* The interpretation of this language in subsequent cases leads to the conclusion that such matters as noise, traffic, unsightliness, possible risk of explosion, inconvenience and, in this case, loss of security and privacy, while not individual, separable elements of compensation in and of themselves, may be considered as factors which contribute to a diminution of market value. *See St. Joseph Light and Power Company v. Ohlausen*, 621 S.W.2d 301 (Mo.App.1981); *Phillips Pipe Line Co., v. Ashley*, 605 S.W.2d 514 (Mo.App.1980); *State ex rel. Highway Commission v. Franchise R. Int.*, 577 S.W.2d 925 (Mo.App.1979). In *Kamo Electric Cooperative, Inc. v. Cushard*, 455 S.W.2d 513 (Mo. banc 1970), the court did not mention *Galeener* but nevertheless concluded that unsightliness is a "proper element of damage for consideration by a jury when it is shown by competent and substantial evidence that such factor has diminished the value of the property involved." *Id.* at 516.

In ruling upon the Commission's objections to any evidence relating to loss of security or privacy, the experienced trial judge in this case was obviously mindful of the distinction between consideration of such items as separate individual elements of damage and as mere factors combining to cause a diminution of market value. He ruled "as a basis for consequential damage, I'm going to allow it, [evidence of loss of privacy and security], but as far as any specific damages, I will sustain the objection." In presenting the evidence defendant scrupulously adhered to this distinction. His expert witness refused to assign any specific amount of reduction in the price a buyer would be willing to pay by reason of such matters as loss of privacy or security. Rather, he "lumped" them all together and concluded that a real estate developer would pay 15% less than he would be willing to pay for the remaining land if left in its present condition.

■ Where a partial taking is effected by condemnation, any element of damage which results in a diminution of fair market value of the remainder of the area is a fact which must be considered. *Phillips Pipe Line Co.*, 605 S.W.2d at 517. That prospective purchasers of suburban residential property place a value upon privacy and security cannot be questioned in this day and age. It logically follows that any invasion of privacy or reduction in security results in a concomitant diminution in market value. The trial court did not err in admitting the evidence relating to the loss of privacy and security.

Moreover, the basis of Commission's argument, that loss of privacy and security is common to all landowners affected by the ultimate highway expansion, is fallacious when applied to this defendant. Prior to the condemnation the road from Highway 40 passed two other tracts of land and stopped at defendant's property. Rather than being at the end of a dead-end street, he is now abutting a roadway connecting a highly developed area to a major arterial

 

highway. In this respect, his damages are just as unique as were those of the landowner in *State ex rel. Highway Commission v. King Brothers Motel, Inc.*, 388 S.W.2d 522 (Mo.App.1965). There, although other landowners were affected by traffic using a changed roadway, the particular defendant was found to have sustained unique damages because the contour of the land caused the headlights of such traffic to shine into his bedroom. Similarly, the landowner of property at the end of a road suffers damages uniquely different than others whose property abuts the road.

Judgment affirmed.

PUDLOWSKI, P.J., and KAROHL, J., concur.