STATE of Missouri ex rel., MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION, Plaintiff–Appellant,

v.

Gilbert Vernon MERTZ, et al., Exceptions of J. Frederic Cohen, et al., Defendants–Respondents.

No. 55561.

Missouri Court of Appeals,
Eastern District,
Division Four.

July 25, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 22, 1989.

Application to Transfer Denied Nov. 14, 1989.

Tracy Ann Gilroy, Kirkwood, for plaintiff-appellant.

Joe Bill Carter, Kirkwood, for defendants-respondents.

STEPHAN, Judge.

This action involves the condemnation of certain property in St. Louis County at the Lamp and Lantern Shopping Center ("Lamp and Lantern"). Lamp and Lantern is owned by respondents, J. Frederic Cohen and Vera F. Cohen as partners in Veeco Investment Company. After a seven day trial the jury returned a verdict in the amount of $39,500. Respondents filed a motion for new trial which was granted. Appellant, Missouri Highway and Transportation Commission, appeals from that order.

The condemnation was for the purpose of widening Clayton Road. On its eastern boundary, Lamp and Lantern fronts on Highway 141 with one entrance on the north end and a double entrance on the south end. Its southern boundary ran along Clayton Road and had one double entrance. Appellant condemned 4200 square feet of grassy area along Lamp and Lantern's Clayton Road property line for a permanent right of way easement, and 6700 square feet of grassy area, along the same line, for a temporary construction easement. No permanent access rights were taken.

Respondents presented evidence that the difference in the before and after value of Lamp and Lantern, due to the taking, was $400,000. This amount was not broken down and identified specifically. Respondents did, however, admit that part of their damages were due to "general congestion on Clayton Road" and to "change in traffic flow."

Respondents' expert, Garland Noonan, testified that the difference in the before and after value was $334,000. Mr. Noonan agreed that congestion is noncompensable damage. He stated traffic was considered only in the way it affected access into and out of Lamp and Lantern in that people are unable to make a left turn into Lamp and Lantern when travelling east on Clayton Road, nor can they make a left turn from Lamp and Lantern onto Clayton Road.

After seven days of trial, the jury returned a verdict in the amount of $39,500, which was in accord with appellant's evidence. A motion for new trial was filed and was sustained on the following points:

13. That the Court erred in giving Instruction No. 8 in that said instruction given with Instruction No. 7 created confusion in the minds of the jurors and was a double instruction on the isue (sic) of traffic.

14. That the Court erred in giving Instruction No. 8 in that said instruction was incorrectly defined and not applicable to the issue of damages during the period of the temporary easement and the issue of access during that period.

15. That the Court erred in giving Instruction No. 8 in that it was worded in such a way as to mislead the jury as to whether or not traffic congestion can have an effect upon the adequacy of access.

As a preliminary matter we take up appellant's motion to dismiss respondents' brief because it did not comply with Rule 84.04(e). The motion correctly states that appellant raised six points on appeal and respondents' brief contained only one point and the argument following it failed to identify which of appellant's points it was addressing as the argument progressed.

We understand appellant's frustration; but, in view of our disposition of the case, we deny the motion.

Appellant raises six points on appeal. It is not necessary to examine each one, however, because of the disposition of points III and IV. In these points, appellant asserts that the trial court erred in granting respondents a new trial based on Instruction No. 8 as set out in points 13 and 14 of the motion for new trial. We agree.

In reviewing a trial court's award of a new trial because of an erroneous instruction, we determine if the instruction is erroneous as a matter of law upon the record presented, not as a matter within the discretion of the trial court. *Doyle v. Bi-State Development Agency*, 628 S.W.2d 695, 696 (Mo.App.1982). When an instruction, as a matter of law, is not erroneous, it is error for the trial court to grant a new trial on the ground that the instruction was improper. *Bayne v. Jenkins*, 593 S.W.2d 519, 530 (Mo. banc 1980).

Appellant's point III argues that the trial court erred in granting respondents a new trial because Instruction No. 8 was not a double instruction when given with Instruction No. 7. The instructions in question read as follows:

*Instruction No. 7 (MAI 34.03)*

In determining the value of defendants' remaining property, you must not consider any general damage which is applicable to all properties within useable range of the widening of Clayton Road west of Route 141 to Henry Avenue.

*Instruction No. 8 (MAI 34.02)*

The matter of traffic congestion on Clayton Road is withdrawn from the case and you are not to consider such evidence in arriving at your verdict.

The purpose of MAI 34.03 is to exclude evidence of general benefit or general detriment (as the case may be) conferred upon all real property within the vicinity of the proposed improvement. If such evidence is admitted, it "may be withdrawn by an instruction patterned after MAI 34.02. MAI

34.03 may be used in addition thereto." *See*, Notes on Use, MAI 34.03. Respondents testified that some of their damages were due to general traffic congestion on Clayton Road. This is specific evidence of general damages which may be properly withdrawn.

In Point IV, appellant argues that the trial court erred in granting the motion for new trial on the ground that the giving of Instruction No. 8 constituted error for the reasons stated in point 14 of respondents' motion which the trial court adopted in its order. As set forth above, that point complained that the instruction was "incorrectly defined" and not applicable to the period when construction was in progress. With respect to the use of the term "traffic congestion," we perceive no need for a definition. The phrase is not a term of art and is easily understood by the general public. No definition is necessary when the meaning of the words are clear from the context of the case. *Koehler v. Burlington Northern, Inc.*, 573 S.W.2d 938, 944 (Mo.App.1978).

Traffic is generally not a proper element to be taken into consideration when determining the damage arising from the condemnation of land. *State ex rel. State Highway Commission v. Turk*, 366 S.W.2d 420, 421 (Mo.1963). This is because the owner of the property may not recover for damages and inconveniences which are common to other members of the public. *State ex rel. State Highway Commission v. Meier*, 388 S.W.2d 855, 858 (Mo. banc 1965). An owner must show an injury or damage which is special or peculiar to himself. *Public Water Supply District No. 2 of Jackson County v. The Alex Bascom Company*, 370 S.W.2d 281, 287 (Mo.1963).

The basic rule changed somewhat in *State ex rel. State Highway Commission v. Galeener*, 402 S.W.2d 336 (Mo.1966), in which it was held that while increased traffic, noise and speed are not, individually, elements for which the landowner may be compensated, they may, along with other factors, affect future use and, therefore, market value. *Id.* at 340. *Galeener* al-

lowed evidence of traffic as it affected access, because a portion of the property was severed which caused difficulties in travelling about the farmland involved. *Id.* at 340–41. Other cases which allowed traffic as compensable damage also found some special or peculiar circumstance. *See, Kamo Electric Cooperative, Inc. v. Cushard,* 455 S.W.2d 513 (Mo. banc 1970) (a power line was strung across defendant's property in a particularly unsightly way); *St. Joseph Light and Power Company v. Ohlhausen,* 621 S.W.2d 301 (Mo.App. 1981) (power line that ran across owner's property emitted a loud noise); *State ex rel. State Highway Commission v. Franchise Realty Interstate Corp.,* 577 S.W.2d 925 (Mo.App.1979) (traffic which splashed slush and ice onto property created access problem because the business primarily catered to elderly clientele).

Respondents rely upon *State ex rel. Missouri Highway and Transportation Commission v. Mosley,* 697 S.W.2d 247 (Mo. App.1985) to support the proposition that "any element of damage which results in the diminution of fair market value of the remainder of the area is a fact which must be considered." *Id.* at 248. In *State ex rel. Missouri Highway and Transportation Commission v. Dooley,* 738 S.W.2d 457, 469 (Mo.App.1987), however, the holding in *Mosley* was strictly limited to the facts of that case, i.e., the loss of security and privacy as a result of condemnation. *Dooley* also reaffirmed the holding of *State ex rel. Missouri Highway Commission v. Merkel,* 675 S.W.2d 467 (Mo.App. 1984) that "evidence of depreciation in value due to traffic diversion caused by change of grade was inadmissible." *Dooley* at 468. Inasmuch as there is nothing in the instant case which indicates that the damage due to traffic congestion is special and peculiar to respondents we hold that the change in traffic is not a compensable item of damage.

We find that the trial court erred as a matter of law in granting respondents a new trial based on Instruction No. 8. The other points on appeal need not be addressed because of our disposition herein.

The order of the trial court is reversed, and the cause is remanded with instructions to reinstate the jury verdict.

SMITH, P.J., and SATZ, J., concur.