**STATE of Missouri, ex rel. MISSOURI HIGHWAY & TRANSPORTATION COMMISSION, Plaintiff–Appellant,**

v.

**Robert M. MENLEY, et al., Exceptions of Anderson C. Jessen, et al., Defendants–Respondents.**

**No. 55974.**

Missouri Court of Appeals, Eastern District, Division One.

Oct. 3, 1989.

Alan R. Schmidt, Kirkwood, for plaintiff-appellant.

J.B. Carter, Kirkwood, for defendants-respondents.

REINHARD, Judge.

The Missouri Highway and Transportation Commission appeals from a judgment awarding landowner $45,640 upon a jury verdict in a trial of exceptions to a commissioners' condemnation award. We affirm.

The Commission condemned the home and surrounding property of Anderson Jessen and his wife Daisy in Valley Park, St. Louis County, Missouri, as part of an improvement of State Highway Route 141. The Commission took the entire tract.

Landowners [1] sole evidence at trial of the property's fair market value was given by

1. When taken the property was owned by Mr. and Mrs. Jessen as tenants by the entirety. Sub-

Mr. Jessen. He valued it at $47,000. The Commission presented one witness, a professional realtor, who valued the property at $32,650. This witness had a longstanding working relationship with the Commission as an appraiser and did virtually all of his condemnation appraisals for it.

During the trial Mr. Jessen testified that he had lived on the property taken for over fifty years, that he had lived in Valley Park since he was three and that he was approaching seventy-eight years of age. He described the taken property and its location in detail, including the fact that it was zoned for commercial use. Mr. Jessen, who also owned other real estate in the area, testified about his knowledge of the area and specific properties in it. He testified to the price he paid for the property he relocated to, its condition, and he detailed the repairs he had made to it after the purchase.

During its part of the case, the Commission offered, and the court received, into evidence pictures of the relocation property taken after it had been repaired.

The Commission's sole point on appeal follows:

The trial court erred by allowing into evidence, in an abuse of its discretion, over objection and motion for mistrial, opinion by a property owner, not an expert, *about the value of the residence condemned,* based upon speculation as to improvements in the future, after purchase, necessary to bring an admittedly not comparable replacement residence to comparability with the residence condemned.

(Emphasis ours).

Initially we note the motion for new trial does not challenge Mr. Jessen's testimony the condemned property's fair market value, when taken, was $47,000.

The owner of real estate may testify to the fair market value of his land even though he does not qualify as an expert. The owner has the benefit of a

sequent to trial Mr. Jessen died.

presumption that he is familiar with the property and has a basis for his opinion of its fair market value. If it is shown that the owner lacks knowledge of the property or that his opinion is based on an improper standard, the presumption is rebutted and the court may exclude or strike out the owner's opinion of value. *Casada v. Hamby Excavating Company, Inc.,* 575 S.W.2d 851,854–55 (Mo.App.1978).

 During direct examination, counsel examined Mr. Jessen extensively about the property taken and other property in the area. In our view, his testimony was sufficient to support him as an owner-expert. The Commission did not rebut the presumption of foundation and proper standard, or impeach Mr. Jessen's qualification as an owner-expert. The court properly overruled the Commission's sole objection, made on the ground that no proper foundation had been laid, to Mr. Jassen's testimony that the taken property's fair market value was $47,000.

The Commission's challenges in its motion for new trial were directed specifically to 1) the exclusion of the Commission's photographs of the condemned property taken more than a year after the taking, 2) the admission of the evidence of the relocation property and 3) the admission of the expenses incurred in making repairs to the relocation property. It claimed the evidence of the relocation property and repairs prejudiced the jury.

A jury verdict assessing value for property taken by condemnation will not be reversed on the ground that the sales of other properties were improperly admitted for comparison purposes unless the court abuses its considerable discretion by allowing in evidence the sale of property so dissimilar in pertinent comparison factors as to give the jury no assistance in determining the market value of the subject property. *City of St. Louis v. Vasquez,* 341 S.W.2d 839,850–51 (Mo.1961); Land Clearance for Redevelopment Authority of the *City of Springfield v. Holland,* 506 S.W.2d 469, 471 (Mo.App.1974). Dissimilarities normally go to the weight of the evidence, not its admissibility. *State ex rel.*

*State Highway Commission v. Jasper,* 544 S.W.2d 554, 556 (Mo. banc 1976). Factors of similarity a court may consider include: proximity in time of the sales, similarity of location and potential uses of the properties, and similarity in size. *Vasquez,* 341 S.W.2d at 850. Factual differences between the comparable and taken properties is admissible although opinion of their effect on value is not. *State ex rel. State Highway Commission v. Klipsch,* 392 S.W.2d 287, 290–91 (Mo.1965).

We have examined the record and conclude that much of the testimony of the witnesses regarding the relocation property and repairs to it was either admissible or not objected to. In any event, if there were errors, none was prejudicial and the court did not abuse its discretion in denying a mistrial.

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.