**In re the Marriage of Milan KACICH, Petitioner–Appellant,**

v.

**Frances Lucy KACICH, Respondent–Respondent.**

**No. 55599.**

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 16, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 14, 1990.

Application to Transfer Denied
April 17, 1990.

Marylou Calzaretta, Richard L. Geissal, Jr., St. Louis, for petitioner-appellant.

Arthur Friedman, St. Louis, for respondent.

REINHARD, Judge.

Husband appeals from those portions of a dissolution decree dividing the marital property and awarding maintenance and attorney's fees. We modify and affirm as modified.

The parties were married in 1949 and have three emancipated children. Husband is a retired postal employee and draws a $700.00 per month civil service disability pension. Since 1964 the parties owned and operated the Kacich News Service, a paper delivery service. The gross income of the business was $2000.00 per month. Husband testified the business had $1000.00 in monthly expenses; wife testified the expenses were between $400.00 and $800.00 per month. Husband's expenses were $994.00 per month excluding housing. At the time of the decree, wife worked for the Juvenile Furniture Company and earned net income of $687.00 per month; her expenses were $1,623.00 per month.

The trial court set off to wife her separate investment funds totaling $36,595.11. The court divided the marital property as follows (with the court's values given in parenthesis): Husband was awarded the Kacich News Service ($55,000.00); a 1983 GMC van ($7,750.00); his checking account; his Keough plan ($46,650.00); and his IRA ($12,800.00). Wife was awarded the marital home ($45,000.00); a lot in Florida ($4,400.00); the furnishings in the home; a Hummel figurine collection; her Keough plan ($34,500.00); her IRA ($12,800.00); a certificate of deposit ($6,981.00); and three convertible bonds ($13,000.00). In addition, the court divided the civil service pension so that each party received $350.00 per month. Finally, the court awarded wife $6000.00 and husband $5,000.00 in insurance policies.

The court awarded wife $500.00 per month maintenance and ordered husband to pay wife's $7,500.00 attorney's fees.

We must affirm the trial court's judgment unless it is unsupported by substantial evidence, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo banc 1976). We defer to the trial court's assessment of credibility. Rule 73.01(c)(2).

■ Husband first challenges the trial court's property division. Specifically, he contends the court erred in valuing the news service at $55,000.00 and separately valuing a van used in the business at $7,750.00. Husband testified the business was worth $20,000.00. However, he admitted the valuation was only a guess and also admitted having once offered the business for sale at $64,000.00. In his property statement he valued the business at $40,000.00 and the van at $5,000.00. Wife testified, in accordance with the figures on her property statement, that the business was worth $70,000.00 and the van, $10,500.00. She apparently arrived at the business valuation by multiplying its annual net income by five years.

It is elementary that a property owner is presumed to be an expert as to his proper-

ty's value and may testify thereto without qualification. *Missouri Highway and Transportation Commission v. Menley*, 778 S.W.2d, 9, 10 (Mo.App.1989). The court's valuation of the news service at $55,000.00 is well within the range of values presented; thus we find no error in the valuation.

Husband also complains that the court erred in valuing the van used in the news service apart from the business itself. It is quite apparent that the parties, in reaching their respective valuations, also separated the van; thus the complaint is without merit. Based on the $55,000.00 valuation of the news service, it appears that the distribution of marital property was roughly even; thus we conclude the trial court did not abuse its discretion.

■ Husband next contends that the court erred in awarding wife $500.00 per month in maintenance. In reviewing such an award we are guided by several well established principles. The evidence is viewed in a manner favorable to the decree, and contradictory evidence is disregarded. *Wynn v. Wynn*, 738 S.W.2d 915, 918 (Mo.App.1987). We defer to the trial court even if the evidence could support a contrary conclusion *Id.*

We believe husband's testimony regarding wife's ability to support herself fully supports the conclusion that wife meets the threshold requirements for an award of maintenance. § 452.335.1(1) and (2), RSMo 1986. The record shows that prior to the dissolution hearing, wife's expenses exceeded her income by $935.00. In her brief, she states, "This gap is closed somewhat by the trial court's award of one-half of [husband's] pension to [wife], in the amount of $350.00 per month. Adding to that amount the trial court's award of $500.00 per month in maintenance, [wife's] income will now come within $85.00 of meeting her needs." Viewing the evidence favorably to wife, we conclude husband's net income from the business was $1,200 per month. Although wife testified the expenses were between $400.00 and $800.00 per month, she does not indicate how or when the expenses vary. For purposes of valuing the news service, wife calculated the net income at $1,200.00 per month and thus we believe the evidence fully supports this amount. Husband also receives $350.00 per month from his pension, bringing his total monthly income to $1,550.00. His expenses, excluding lodging, are $994.00 per month. From this evidence it appears wife has a short-fall of $85.00 while husband's income exceeds his expenses (excluding lodging) by $56.00.

■ Husband contends the trial court in determining the maintenance award failed to consider the income available to wife from various assets set off and awarded to her. We agree. The trial court set off to wife income producing separate property worth $36,595.11 and awarded her income producing marital property worth $19,981.00. While it is true that wife is not required to deplete her assets for living expenses before being entitled to maintenance, such is not the case here. Instead, wife is required to include the income from those assets in computing the total amount of income available to her. It is apparent that wife has approximately $60,000.00 in property capable of producing income. Accordingly, we modify the award of maintenance and order husband to pay wife $375.00 per month in maintenance.

We have considered the award of attorney's fees and find no abuse of discretion.

Judgment affirmed as modified.

GARY M. GAERTNER, P.J., and CRIST, J., concur.