**ST. LOUIS COUNTY, Missouri, Plaintiff–Respondent,**

v.

**Kenneth H. HISEL, et al. (Exceptions of Tyree and Clara Horton), Defendants–Appellants.**

**No. 56072.**

Missouri Court of Appeals, Eastern District, Division Three.

Nov. 6, 1990.

Joe Bill Carter, Kirkwood, for defendants-appellants.

Patricia Redington, Robert H. Grant, Clayton, for plaintiff-respondent.

STEPHAN, Judge.

This appeal arises out of condemnation proceedings involving property owned by appellants, Tyree and Clara Horton. Appellants sought damages in the amount of $55,000.00, but the jury determined their damages to be $5,000.00. Judgment was

entered pursuant to the jury's verdict, and this appeal followed. Affirmed.

In August 1986, respondent, St. Louis County, initiated condemnation proceedings in order to acquire land and property rights necessary for the widening and improvement of Big Bend Boulevard. Appellants live at 1475 Big Bend Boulevard on a 100 × 438 foot lot, of which 575 square feet were acquired by respondent for right-of-way and 3,096 square feet were subjected to a 540–day temporary slope and construction license. Prior to the taking, there was a 13.13% grade differential between Big Bend Boulevard and appellants' garage. After the taking, the grade differential was 18.39%.

The sole issue at trial was the diminution of value caused by the taking. Appellants' evidence consisted of the testimony of Tyree Horton, who stated that appellants' property had decreased in value from $115,000.00 to $60,000.00. This diminution, he testified, came as a result of the increased grade differential and the elimination of the existing road shoulder, which appellants' had used for various purposes.

Respondent presented the testimony of Thomas Mader, an industrial real estate appraiser. He testified that appellants' damages were $4,150.00. The jury returned a verdict in the amount of $5,000.00.

■ Appellants' first point argues that the trial court erred in failing to declare a mistrial when respondent did not produce certain documents pursuant to appellants' discovery requests. Respondent did provide some plans, profiles and cross-sections and, appellants argue, they relied on the information contained in the documents they received. During trial respondent admitted that the information concerning the grade differential had changed; it was 16.8% instead of 18.39%. Appellants assert that the plans they received had been modified and that the failure to produce the modified documents unfairly restricted appellants in preparing their case.

The decision as to whether to grant a mistrial rests in the sound discretion of the trial court and, absent a manifest abuse of discretion, an appellate court will not inter-

fere. *Fahy v. Dresser Industries, Inc.*, 740 S.W.2d 635, 640 (Mo. banc 1987). We find no abuse of discretion.

Respondent told the trial court that appellants received all relevant plans, that those plans had not been modified and that the deviation in the grade differential percentage was the result of recent on-site efforts to reduce the slope. There were no other documents to produce. In other words, respondent made an engineering change which was never reduced to writing.

■ We agree with the trial court that respondent could not produce what it did not have. This leads us to appellants' second point: that the trial court erred in failing to grant a mistrial when respondent's counsel stated, in front of the jury, that the change in grade was only to 16.8%, not 18.39%, in direct contradiction of the plans produced and on which appellants relied.

Tyree Horton testified that the grade differential changed from 13.39% to 18.39%. During cross-examination, respondent's counsel asked whether the new grade was actually 16.8%. Appellants objected and a discussion was held out of the hearing of the jury. An agreement was reached and respondent did not pursue the matter. The trial court instructed the jury as follows:

Ladies and gentlemen of the jury, the only number on the grade before the jury is 18.39. Any other number that was suggested or testified to the jury is instructed to disregard.

■ The condemnor has a duty to state clearly what is being taken and also to refrain from misleading the jury by questions, testimony, argument or other conduct which indicates that something less than that being legally taken is in fact being taken. *State ex rel. N.W. Electric Power Cooperative v. Waggoner*, 319 S.W.2d 930, 934 (Mo.App.1959). An improper remark calls for trial court discretion to evaluate the situation and determine if some remedy short of mistrial will cure the error, and appellate review of the trial

court's decision is to verify that the trial court has not abused its discretion. *Anderson v. Burlington Northern Railroad*, 700 S.W.2d 469, 475 (Mo.App.1985).

The trial judge determined that the respondent could only refer to the 18.39% grade figure and instructed the jury to disregard any other figure they might have heard. When evidence has been erroneously admitted, then withdrawn, there are ordinarily no grounds for reversal in the absence of exceptional circumstances, because we assume the jury obeyed the trial court's direction and considered only the properly admitted evidence. *Fahy*, 740 S.W.2d at 640–641. We find nothing in the record to indicate the jury disregarded the court's instruction. We, therefore, find that the trial court did not err in refusing to grant a mistrial on either ground. Points I and II are both denied.

In their final point, appellants assert that the trial court erred in refusing to allow them to show that, before the taking, they were able to use the shoulder of the road for parking, ingress and egress, but that after the taking there was no shoulder available for their use.

When a partial taking is effected by condemnation, any element of damage which results in a diminution of fair market value of the remainder of the area is a fact which must be considered. *State ex rel. Missouri Highway and Transportation Commission v. Mosley*, 697 S.W.2d 247, 248 (Mo.App.1985). Any factor that has a present, quantifiable effect on the market value of the property is proper as an element of damages. *State ex rel. Missouri Highway and Transportation Commission v. Horine*, 776 S.W.2d 6, 12 (Mo. banc 1989).

Appellants' complaints are not well taken. Tyree Horton testified at least three times regarding the hardship in turning in and coming out of their driveway after the shoulder of the road was removed. He also testified, at least once, that the absence of the shoulder caused substantial inconvenience to appellants in parking cars.[1]

Since the evidence was before the jury, there was no error. Point III is denied.

The judgment is affirmed.

REINHARD, P.J., and CRANE, J., concur.

having a possible effect on future use and market value. *State ex rel. State Highway Commission v. Galeener*, 402 S.W.2d 336, 340 (Mo.1966).

---

1. Although inconvenience caused by condemnation is not, in and of itself, an element of damage to the landowner, it has been recognized as