STATE of Missouri, ex rel. MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION, Plaintiff–Respondent,

v.

Alan WALLACH, et al., Exceptions of Stan Shapiro, et al., Defendants–Appellants.

No. 59797.

Missouri Court of Appeals, Eastern District, Division Two.

March 31, 1992.

---

J.B. Carter, St. Louis, for defendants-appellants.

Laura A. Schildz, St. Louis, for plaintiff-respondent.

CRANDALL, Presiding Judge.

Defendants, Stan and Linda Shapiro, appeal from a judgment in the amount of $7,000 in favor of defendants in a jury trial of exceptions in a condemnation action. We affirm.

Plaintiff, the Missouri Highway and Transportation Commission, brought an action to condemn a portion of one parcel of real estate owned by defendants. The property was an operating used car lot that was improved with a small sales office, a paved parking lot and a six foot fence. The court ordered the front twenty foot strip of the lot condemned and appointed commissioners to assess defendants' damages. Following the commissioners' award, both parties filed exceptions.

Defendants first claim that the trial court erred in not allowing defendants' son to testify on the value of the subject property. Defendants claim that their son, because he was an equitable owner of the property on the date of taking, was competent to testify to value.

The owner of real property is presumptively competent to give testimony on the fair market value of his land. *State ex rel. Hwy. & Tr. Com'n v. Pracht*, 801 S.W.2d 90, 93–94 (Mo.App.1990). An "owner" is a person who has a legal title to the condemned real estate. *See generally, Pracht*, 801 S.W.2d at 90; *Mo. Highway & Transp. Com'n v. Menley*, 778 S.W.2d 9 (Mo.App.1989).

■ Here, defendants are the fee owners of the property. We are unable to find, and defendants are unable to offer, any instance where Missouri courts expanded this rule to include persons with equitable interests and we decline to do so now.[1] Therefore, the court did not err in ruling that defendants' son did not qualify to testify to value based upon his ownership of the real estate.

■ Next, defendants argue that their son was an expert on the value of real estate because he helped purchase the property and managed the business. There is no bright line rule by which a trial court can determine a person to be an expert on the value of real estate. *Estate of Dennis*, 714 S.W.2d 661, 666 (Mo.App.1986). In determining the viability of the witness as an expert, factors to be considered are the familiarity of the witness with the property, the basis for the knowledge of the witness, and the ability of the witness to give information that will assist the jury in determining the ultimate issue. *Id.* However, the ultimate decision about the qualifications of a witness as an expert is left to the sound discretion of the trial court and we will not set it aside unless that discretion is abused. *State v. Bloomfield Tractor Sales, Inc.*, 381 S.W.2d 20, 25 (Mo.App. 1964).

■ Here, the son did not possess any special training in real estate purchase or appraisal. Nor did he claim any other experience in valuing real estate. We cannot say that the trial court abused its discretion by ruling that the son did not qualify as an expert. Defendants' point is denied.

In their second point, defendants claim that the trial court erred in submitting a withdrawal instruction which stated, "The evidence of damages during the period of construction is withdrawn from the case and you are not to consider such evidence in arriving at your verdict." Defendants claim that they properly introduced evidence that the construction during the expansion prevented them, temporarily, from operating the car lot on the partially condemned property.

■ Traffic is generally not a proper element to be considered when determining the damage arising from the condemnation of land. *State Ex rel. Hwy. & Transp. v. Mertz*, 778 S.W.2d 366, 368 (Mo.App.1989). Traffic is excluded because the owner of a condemned property may not recover for damages and inconveniences that are common to other members of the public. *Id.*

■ Here, defendants claim of damages related to the decrease in traffic into their lot. Defendants make no showing of how this decrease in traffic created damages peculiar to them. The trial court, therefore, did not abuse its discretion by giving the withdrawal instruction. Defendants' point is denied.

Defendants, in their third point, claim the trial court erred in submitting a second withdrawal instruction which stated, "The evidence of loss of business and loss of car sales is withdrawn from the case and you are not to consider such evidence in arriving at your verdict." Defendants claim that because they did not present evidence of loss of business, the instruction served only to confuse the jury. We disagree.

■ A withdrawal instruction is appropriate where the jury might infer from the evidence presented that inappropriate factors relating to damages were included. *State v. McMurtrey*, 300 S.W.2d 521, 527 (Mo.1957). In a condemnation action, business losses are not to be considered in determining the damages. *City of St. Louis v. Union Quarry & Construction Co.*, 394 S.W.2d 300, 306 (Mo.1965). Defen-

---

**1.** Defendants cite *Socony–Vacuum Oil Co., Inc., v. Sheehan,* 50 F.Supp. 1010 (E.D.Mo.1943) for the proposition that an "equitable owner" should be allowed to testify about the value of real estate. *Socony,* however, is not controlling.

In *Socony,* unlike the case at bar, the equitable owner of property was allowed to testify about whether the transfer of that property from a wholly owned subsidiary to its parent company was a taxable event.

dants, however, made references in their testimony to their inability to conduct business and at one point discussed the viability of the automobile sales lot during the rehabilitation of the road. While no specific references were made to decreased sales or loss of profits, given the evidence presented it was possible for the jury to infer that such losses were to be considered in the claim of defendants for damages. Thus, the trial court did not err in submitting the withdrawal instruction. Defendants' point is denied.

Finally, defendants claim that the trial court erred in allowing plaintiff's expert witness to testify about comparable sales. Defendants claim that the sales used by plaintiff's real estate expert were so disparate from the property taken that they have no probative value and should have been excluded. We disagree.

The sales of a comparable property are admissible for consideration by the fact finder in determining the damages for the taking of property. *State v. Koberna*, 396 S.W.2d 654, 662 (Mo.1965). The property, however, must not be so dissimilar with that taken that it is, as a matter of law, irrelevant. *Id.* The trial court has discretion in determining the relevance of comparable sales. *Phillips Pipe Line Co. v. Ashley*, 605 S.W.2d 514, 519–520 (Mo.App. 1980).

Here, plaintiff's expert compared several abandoned gasoline stations and vacant lots near the partially condemned property. Defendants contend that because these lots were unimproved, they were not relevant. However, plaintiff used the sale of these lots to establish the fair market value of the land of defendants in an unimproved condition. Plaintiff's expert used other methods to establish the increased value of the property due to improvements. We cannot say that, as a matter of law, the sales cited by plaintiff's expert were so disparate that they were irrelevant. The trial court did not abuse its discretion. Defendants' point is denied.

The judgment of the trial court is affirmed.

CRIST and AHRENS, JJ., concur.