STATE of Missouri, ex rel., MISSOURI
HIGHWAY AND TRANSPORTATION
COMMISSION, Plaintiff/Respondent,

v.

Elyard J. KUHLMANN, et al.,
Defendants/Appellants.

No. 59358.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 2, 1992.

Dale L. Rollings, Kevin A. Suffern, Rollings, Gerhardt, Borchers, Stuhler, Carmichael & Kircher, P.C., St. Charles, for defendants/appellants.

Paul R. Ferber, Dist. Counsel, Kelly–Ann B. Radetic, Asst. Counsel, Rich Tiemeyer, Chief Counsel, Missouri Highway & Transp. Com'n, Kirkwood, for plaintiff/respondent.

SMITH, Presiding Judge.

Landowner appeals from a jury verdict and resultant judgment in this condemnation case. The Commissioners' award was for $200,000; the jury awarded damages of $120,000 for the partial taking of landowner's property. That verdict was within the range of damages established by the evidence. We affirm.

◼ Landowner premises error on a number of evidentiary rulings by the trial court. First he asserts as error the refusal of the trial court to allow one Gaffney to express an opinion of the fair market value of the land taken before and after the condemnation. Gaffney was the son-in-law of the owner and the owner of a leasehold interest in the property. He was not qualified as an expert nor was he disclosed as an expert in pre-trial discovery. The thrust of landowner's contention is that Gaffney's long time familiarity with the property was

sufficient to warrant his testimony because he demonstrated the same familiarity that the owner would possess. Evidence of opinion of land value in condemnation cases may be given by expert witnesses. A presumption is indulged that the fee owner of the land is an expert as far as the value of his land is concerned. *Missouri Highway & Transportation Commission v. Menley,* 778 S.W.2d 9 (Mo.App.1989) [1,2]. The presumption extends only to the fee owner and if he demonstrates at trial an absence of knowledge of the property or that his opinion is based on an improper standard then the presumption is rebutted and the testimony may be disallowed or stricken. *Id.* Any other witness with superior knowledge, information, or skill concerning the valuation of the property may be qualified as an expert and testify to his opinion of value. *State ex rel. State Highway Commission v. Bloomfield Tractor Sales, Inc.,* 381 S.W.2d 20 (Mo.App.1964)[3–7]. Landowner did not qualify Gaffney as an expert on land value. The court did not err in refusing to allow Gaffney's testimony on the before and after values of the fee interest.

◼ Next landowner premises error on the trial court permitting an expert witness for the Commission to give his opinion of the damages "when he was basing his opinion on plans different from those upon which the taking was based and the case was being tried". Due to a typographical error the petition for condemnation stated that the land to be acquired was 1.44 acres when in fact it was 1.36 acres. The expert made his computation on the lesser amount. That computation was an amount based on his opinion of the value per square foot. The trial court required that the expert testify to the damages on the basis of the larger acreage. To do so simply required that the expert multiply the square foot value by a different multiplier than his original computation. He did so causing a damage figure higher than his original computation. We find neither error nor prejudice in the trial court's ruling.

Next the landowner raises two related claims that he was unduly restricted in his cross-examination of the Commission's expert. The extent of cross-examination is discretionary with the trial court, and its rulings in this area will not ordinarily be disturbed unless an abuse of discretion is clearly shown. *Stafford v. Lyon,* 413 S.W.2d 495 (Mo.1967)[6–9]. The trial court here allowed landowner a broad range of inquiry in attacking the credibility of the witness. When, however, the landowner pursued collateral issues which held great potential for jury confusion the court sustained the Commission's objections. The trial court may limit the substance of cross-examination when it feels the scope of the testimony elicited threatens to confuse the jury by straying into unrelated matters. We find no abuse of the court's broad discretion. Landowner was accorded a full opportunity to challenge the credibility of the witness and the areas in which cross-examination was restricted were collateral, of tenuous relevancy, with high potential for confusion.

Landowner's final point is that the trial court erred in refusing to allow the testimony of one of landowner's valuation experts because his opinion of damages was based on the income method of valuation. Such method of valuation in a case of partial taking is improper. *State Highway Commission v. Mann,* 624 S.W.2d 4 (Mo. banc 1981). Admission or exclusion of evidence in land cases is within the discretion of the trial court and errors in such determination will not ordinarily result in reversal unless there is substantial or glaring injustice. *State Highway Commission v. Select Properties, Inc.,* 612 S.W.2d 866 (Mo.App.1981)[1–3]. The question of whether the witness utilized the income method in arriving at his opinion of value was confused. His deposition indicated such utilization. His trial testimony indicated that he had not utilized the forbidden method. On direct inquiry by the court the witness stated that his trial testimony would be the same as that in his deposition. The trial court made its discretionary determination that the witness utilized the income method in arriving at his valuation of damages. The record does not establish that this determination was clearly wrong. The landowner had another expert who testified to damages and to that extent the testimony to be elicited was cumulative. We are unable to find an abuse of the trial court's discretion or that exclusion of the testimony worked a substantial or glaring injustice.

Judgment affirmed.

KAROHL and AHRENS, JJ., concur.