AROGAS, INC., Plaintiff,

v.

TRUCKERS EXPRESS, INC., Defendant.

No. 4:93CV2413–DJS.

United States District Court,
E.D. Missouri, E.D.

May 6, 1994.

Timothy J. Sear, Polsinelli and White, Kansas City, MO, for plaintiff.

Michael David Hart, Sr., Partner, Michael D. Hart, Peper and Martin, St. Louis, MO, Patrick K. McMonigle, R. Denise Henning, Dysart and Taylor, Kansas City, MO, for defendant.

### ORDER

STOHR, District Judge.

The instant action was originally filed in the Circuit Court of Franklin County, Missouri, and was removed to this Court by defendant on the basis of the Court's diversity jurisdiction. Plaintiff is a Missouri corporation which operates a "Mr. Fuel travel center" on Highway 100 in Franklin County, adjacent to Interstate 44 (see Attachment 1). Defendant is a Montana corporation whose truck's over-size cargo hit the I-44 overpass near the Mr. Fuel travel center on May 24, 1993, which resulted in the closing of the overpass from that date to June 19, 1993. Plaintiff's petition contains a negligence claim (Count I) and a claim based on "public nuisance" (Count II), both of which seek damages in excess of $100,000 essentially for plaintiff's alleged loss of business, in the form of fuel sales, during and after the period in which the overpass was closed. Now before the Court is defendant's motion for summary judgment, in which defendant argues that it cannot be held liable for plaintiff's alleged loss on the theories asserted.

■ With respect to the negligence claim, defendant urges the Court to conclude, as a matter of law, that defendant had no duty to protect plaintiff from the type of injury alleged. This is an appropriate basis for summary judgment, in that "the existence of a duty is a question of law." *Strickland v. Taco Bell Corp.*, 849 S.W.2d 127, 131 (Mo. App.1993). In the *Strickland* case, the Missouri Court of Appeals quotes with approval Prosser's discussion of "duty" in this context, including his statement that the determination of the existence of a duty turns on:

> whether, upon the facts in evidence, such a relation exists between the parties that the community will impose a legal obligation upon one for the benefit of the other, or,

more simply, whether the interest of the plaintiff which has suffered invasion was entitled to legal protection at the hands of the defendant.

William L. Prosser, *Law of Torts*, § 36 (3d ed. 1964).

The former of Prosser's two definitions does not support the existence of a duty in this case, because plaintiff and defendant had no relationship. Neither, in the Court's view, does the second definition apply: the Court concludes, as a matter of law, that the defendant, a trucking company whose trucks use the interstate highway system, does not bear an obligation to provide "legal protection" to the business interests of property owners whose trade may be disadvantaged by temporary closing of a portion of an adjacent road for repair of damage caused by an accident involving one of defendant's trucks. Because of this remoteness in the chain of causation (accident→necessity of road repair→closing of the road→diversion of traffic→business losses for nearby businesses), the crucial element of foreseeability is lacking. *See Hoover's Dairy, Inc. v. Mid-America Dairymen*, 700 S.W.2d 426, 431 (Mo. banc 1985).

*Strickland* also provides a list of factors to be considered in determining whether a duty will be imposed. Of the six factors, the Court considers five to weigh against the imposition of a duty on the facts presented here. These include the foreseeability of the particular harm alleged and the degree of certainty that plaintiff suffered the injury, the lack of "moral blame" associated with defendant's alleged conduct, the negligibility of such a duty as a means of preventing similar future harm, considerations of cost and the spreading of the risk of loss, and the economic burden on defendant and the community if such a duty is imposed. Only one, the social consensus that plaintiff's claimed interest is worthy of protection, might provide support for the imposition on defendant of a duty to provide protection for plaintiff's business interests. On balance, the six factors dictate the conclusion that no duty is owed and defendant is entitled to summary judgment on plaintiff's negligence claim.

With respect to the public nuisance count, defendant argues that plaintiff has no viable claim under Missouri law for the type of damages plaintiff asserts, primarily because plaintiff's claimed injury is not different in kind from that suffered by all other persons of the neighborhood as a result of the overpass repair. The three primary cases discussed by the parties which concern recovery on a public nuisance theory for business injury resulting from the obstruction or closing of a road date back to the 1940's; the parties are largely in agreement as to the applicable legal principles derived from this case law. Assuming without deciding that the same law governs recovery of such damages from a private individual or entity as from a public one, the Court agrees with the parties that the cases suggest that two elements are necessary to such recovery, as an exception to the general rule that no private individual can maintain an action to abate a public nuisance. The first is that either the landowner's property or some part of it must abut on the vacated portion or the vacation must deprive the landowner of reasonable access to the general system of streets; the second is that the landowner must plead and prove "an injury peculiar and special in kind, not degree, to him and his land." *Wilson v. Kansas City,* 162 S.W.2d 802, 804 (Mo.1942); *see also Christy v. Chicago, Burlington and Quincy Railroad Company,* 240 Mo.App. 632, 212 S.W.2d 476, 478–79 (1948), and *New v. South Daviess County Drainage District,* 240 Mo.App. 807, 220 S.W.2d 79, 82 (1949).

Attachment 1 to this order contains an aerial photograph (Defendant's Exhibit F) and a schematic drawing depicting plaintiff's Mr. Fuel travel center and its location in relation to Highway 100 and I–44. As the attachment illustrates, the closing of the overpass did not eliminate or directly restrict access to the Mr. Fuel lot generally, but merely eliminated eastbound I–44 travelers' direct access, at that particular exit, to Highways 100 and AT. Although this effect may well have impacted plaintiff's fuel sales at this location for the twenty-seven days during which the overpass was closed for repair, Mr. Fuel remained accessible to westbound traffic on I–44 and to travellers on Highways 100 and AT.

Analyzed under the standards provided by the Missouri Supreme Court in *Wilson,* plaintiff's public nuisance claim is not viable as a matter of law:

> [W]hen a landowner has sought to recover damages for injury to that property right caused by a street vacation, a railroad embankment or other obstruction and it affirmatively appeared (from pleading or proof) that his property did not abut on the closed section of the vacated street so that his right of ingress and egress was not injured in that he still had reasonable access to the general system of streets this court has always held he was not entitled to compensation.

*Id.,* 162 S.W.2d at 804. In other words, the temporary nature of the "vacation" of the overpass and its limited effect on access to plaintiff's property preclude the necessary showing of "a special or peculiar injury, and not merely such inconvenience as is cast upon all other persons of that neighborhood." *Knapp, Stout & Co. v. St. Louis,* 153 Mo. 560, 55 S.W. 104, 107 (1900), quoted in *Wilson,* 162 S.W.2d at 804. In *Christy,* 212 S.W.2d at 479, the Missouri Court of Appeals recognized that "a long line of authorities ... establish the further proposition that when access to property is cut off in one direction by the vacation or closing of a street upon which it abuts but may be had in the other direction, the property is not taken or damaged," and that in such an instance the property at issue "does not suffer damage different in kind from that suffered by the general public although injury to the property may be greater."

The Court's conclusion is not affected by the reasoning and decision of the Missouri Court of Appeals in *New,* reversing the dismissal of an action seeking to compel certain public defendants to repair and rebuild a bridge. First, the vacation of the bridge in that case appears to have been threatened to be permanent, unlike the temporary closing of the overpass in this case. Second, the suit in *New* sought injunctive relief—the repair or replacement of the bridge—rather than money damages for alleged economic dam-

ages resulting from the bridge's collapse. These distinctions diminish, in the Court's view, the applicability here of language in *New* suggesting that loss of business is a compensable injury on a public nuisance theory in this case.

Even in *New*, the Court of Appeals, quoting the "Highways" section of 25 *American Jurisprudence*, stated as a "general rule" that interference with an existing business is a special injury only:

> where an obstruction *entirely prevents* one from carrying on a business previously established, *materially interferes with* the access of customers to his store or other business establishment, interferes with or interrupts travel *in front of his place of business,* or diverts it to the other side of the street.

*New*, 220 S.W.2d at 83 (emphasis added). These more drastic circumstances are not present in the instant action. In a more recent case, *Titone v. Teis Construction Company*, 426 S.W.2d 665, 668 (Mo.App. 1968), the Court of Appeals again consulted *American Jurisprudence*, quoting the following statement: "A loss of business due to a mere temporary obstruction for a lawful purpose, within the limitation of necessity and reasonableness, is damnum absque injuria," i.e., a loss which does not give rise to an action for damages. Based on all these considerations, the Court concludes that there exists no genuine dispute of a material fact relevant to plaintiff's public nuisance claim, and that defendant is entitled to judgment on that claim as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment is granted.

## JUDGMENT

Pursuant to the order entered herein this day,

**IT IS HEREBY ORDERED, ADJUDGED and DECREED** that summary judgment is entered in favor of defendant and against plaintiff on both counts of plaintiff's complaint.

## ATTACHMENT 1